**OLD REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Derrick WARREN, Appellee.**

No. 2-99-346-CV.

Court of Appeals of Texas, Fort Worth.

Nov. 16, 2000.

Rehearing Overruled Dec. 21, 2000.

Johnson & Sylvan, P.C., James K. Campbell, Dallas, for Appellant.

Derrick Warren, Fort Worth, for Appellee.

Before CAYCE, C.J.; LIVINGSTON and RICHARDS, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Old Republic Insurance Company (appellant) appeals from a jury verdict in favor of Derrick Warren (appellee) on appellee's claims for benefits under the Texas Worker's Compensation Act. We affirm.

### STATEMENT OF FACTS

Appellee was injured at work on July 19, 1997. He received temporary income benefits from July to October 1997, at which time a carrier-selected physician determined he had reached maximum medical improvement. This physician gave appellee a 13 percent impairment rating as of October 28, 1997. At appellee's request, the Texas Worker's Compensation Commission (TWCC) appointed a doctor, Dr. Andrew Mager, to perform another examination. Dr. Mager filed a report indicating appellee had reached maximum medical improvement on October 1, 1997 with a 4 percent impairment rating.

Appellee's treating physician prepared a report giving appellee a 10 percent impairment rating as of April 14, 1998. The parties participated in a benefit review conference to mediate their disagreement on the date of maximum medical improvement and the percentage of impairment. Because the parties failed to resolve these issues, a contested case hearing was held.

After that hearing, the hearing officer found that appellee had reached maximum medical improvement on October 1, 1997 with a 4 percent impairment rating. Appellee appealed to the TWCC appeals panel, which affirmed the hearing officer's findings on September 3, 1998. Appellee appealed to the 17th District Court of Tarrant County on September 17, 1998. The district court overruled appellant's plea to the jurisdiction and submitted the case to a jury.

The jury found that appellee had reached maximum medical improvement on April 14, 1998 with an impairment rating of 10 percent. The trial court overruled appellant's motion for judgment notwithstanding the verdict and rendered judgment in accordance with the jury's findings on July 29, 1999. Appellant's motion for new trial was overruled by operation of law.

### ISSUES

On appeal, appellant challenges the trial court's ruling on its pleas to the court's jurisdiction (Issue 1); the court's submission of two special issues as a comment on the weight of the evidence (Issue 2); and the legal and factual sufficiency of the evidence to support the jury's answers (Issues 3–6). Additionally, appellant's counsel has a post-judgment motion for attorney's fees pending in this court.

### THE TRIAL COURT'S JURISDICTION

■ In its first issue appellant claims the trial court erred in denying its plea to the jurisdiction as well as its post-verdict motion for judgment notwithstanding the verdict. Appellant claims the trial court lacked jurisdiction because appellee only asserted claims not tried at the administrative level and failed to challenge the only two issues decided in the administra-

tive proceeding before the 40th day after the TWCC appeals panel issued its ruling.

Under section 410.252 of the Texas Labor Code, suit must be filed no later than 40 days after the appeals panel's decision is filed with the TWCC hearings division. TEX.LAB.CODE ANN. § 410.252 (Vernon 1996). According to appellant, because section 410.301 limits the scope of a trial court's review to those issues decided by the appeals panel, and appellee's original and amended petitions did not refer to the appeals panel decision or the two issues it decided until more than 40 days had passed, jurisdiction in the trial court did not attach.

The record shows the appeals panel's decision was filed with the director of the hearings division on September 3, 1998. Appellee's original petition was filed September 17, 1998. His first and second amended petitions were filed September 18 and October 7, 1998 respectively. The 40th day for filing the original petition expired on October 13, 1998. Appellant filed its plea to the jurisdiction on October 23, 1998 and, in response, appellee filed his third amended petition, which included specific references to the appeals panel's decision and the two issues it addressed. Appellee's third amended petition was filed on December 7, 1998 after the expiration of the 40th day.[1]

■ Because the question of subject matter jurisdiction is a question of law, we review the trial court's ruling under a de novo standard. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). "Subject matter jurisdiction is never presumed and cannot be waived." *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex.App.—El Paso 2000, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993); *Gonzalez v. Sanchez*, 927

---

1. Appellant also challenged the trial court's jurisdiction in its special exceptions in its original answer filed simultaneously with the plea to the jurisdiction. It is unclear from the record how or if the trial court ruled on appellant's special exceptions, but the court specifically denied appellant's plea to the jurisdiction by written order.

S.W.2d 218, 221 (Tex.App.—El Paso 1996, no writ); Abderholden v. Morizot, 856 S.W.2d 829, 832 (Tex.App.—Austin 1993, no writ); City of El Paso v. Madero Dev., 803 S.W.2d 396, 400 (Tex.App.—El Paso 1991, writ denied), cert. denied, 502 U.S. 1073, 112 S.Ct. 970, 117 L.Ed.2d 135 (1992); Armstrong v. West Tex. Rig Co., 339 S.W.2d 69, 71 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.)).

Labor code section 410.252 provides that a party seeking judicial review of a TWCC appeals panel decision must file suit not later than the 40th day after the appeals panel's decision is filed. Tex.Lab.Code Ann. § 410.252. Further, section 410.302 limits judicial review "to issues decided by the commission appeals panel." Id. § 410.302. This section also requires that "the pleadings must specifically set forth the determination of the appeals panel by which the party is aggrieved." Id.[2]

Cases clearly support appellant's position that filing suit in the district court within 40 days is mandatory and jurisdictional. St. Paul Fire and Marine Ins. Co. v. Meador, 990 S.W.2d 362, 365 (Tex.App.—Fort Worth 1999, no pet.); Texas Workers Comp. Comm'n v. Hartford Accident and Indem. Co., 952 S.W.2d 949, 952 (Tex.App.—Corpus Christi 1997, pet. denied); Walker v. Argonaut Southwest Ins. Co., 929 S.W.2d 499, 500–01 (Tex.App.—Texarkana 1996, no writ). However, it is undisputed that appellee filed suit in the trial court within the 40–day period. No case has held that a plaintiff's failure to follow the strictures of section 410.302 divests a district court of jurisdiction when the plaintiff's original petition was timely filed. We also decline to do so.

■ Rather, we hold that section 410.302 does not create a jurisdictional requirement, but simply defines the scope of issues that may be judicially reviewed after an appeals panel decision. Generally, pleading defects are handled by special

exceptions, just as occurred here. See Tex.R.Civ.P. 91. After appellant filed its plea to jurisdiction and its special exceptions, appellee amended his petition to more clearly meet section 410.302's requirement to limit the appeal to the issues decided by the appeals panel. Issue one is overruled.

## COMMENT ON WEIGHT OF EVIDENCE

■ Appellant next complains about the trial court's submission of jury questions one and two, which it claims amounted to a comment on the weight of the evidence.

Question number one was submitted as follows:

On what date did Derrick Warren reach maximum medical improvement from his compensable injury of July 19, 1997?

You are instructed that the opinion of the designated doctor as to whether one has reached maximum medical improvement, and when, is entitled to presumptive weight and you shall base your determination of whether Mr. Warren has reached maximum medical improvement, and when, on the opinion of the designated doctor unless the great weight of other medical evidence is to the contrary.

You are further instructed that medical evidence, not lay testimony, is the evidence that is required to overcome the designated doctor's opinion.

Answer by selecting one of the following dates:

|       | October 1, 1997 |
|-------|-----------------|
|       | October 28, 1997 |
| X     | April 14, 1998 |

Question number two stated:

What is Derrick Warren's impairment rating as a result of his compensable injury of July 19, 1997?

---

**2.** We note section 410.302 is entitled "Limitation of Issues," whereas section 410.252 is entitled "Time for Filing Petition, Venue." Id. §§ 410.302, 410.252.

You are instructed that the opinion of the designated doctor as to the impairment rating shall have presumptive weight and you shall base the impairment rating on that opinion unless the great weight of other medical evidence is to the contrary.

If you determine that the great weight of other medical evidence is contrary to the designated doctor's opinion, then you shall adopt the impairment rating of one of the other doctors.

Answer by selecting one of the following percentages of the whole body:

_____ 4%

_____ 13%

X 10%

Appellant complains these questions and instructions failed to instruct the jury that the opinion of the doctor designated by the TWCC[3] was entitled to "presumptive weight" because the jury was given multiple choice answers for each question. Appellant contends the three-part multiple choice answers indicate that the possible choices were co-equal and therefore constituted a comment on the weight of the evidence. We disagree.

Both question one and two are preceded by specific definitions as well as instructions that quite clearly follow the law by instructing the jury to give the statutorily "designated doctor's" opinion presumptive weight. Because the trial court did not err in either of these instructions, we overrule appellant's second issue.

### LEGAL SUFFICIENCY

In appellant's third and fifth issues it complains that there is legally insufficient evidence to support the jury's finding that appellee reached maximum medical improvement on April 14, 1998 and to support the jury's finding that appellee's impairment rating was 10 percent.

In determining a "no-evidence" issue, we are to consider all of the evidence in the light most favorable to the party in whose favor the judgment has been rendered, and to indulge every reasonable inference from the evidence in that party's favor. *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998); *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law. *Formosa Plastics Corp.,* 960 S.W.2d at 48; *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996).

A "no-evidence" issue may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Merrell Dow Pharm.,* 953 S.W.2d at 711 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 361, 362–63 (1960)). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992).

Here, the medical testimony is conflicting. TWCC's designated doctor, Dr. Mager, testified that appellee reached his maximum medical improvement on October 1, 1997. Two other medical experts disagreed. Appellee's doctor, Dr. Shestha opined that appellee reached maximum

---

**3.** The labor code allows the parties to choose a designated doctor by mutual agreement, or if they are unable to agree, it provides for the TWCC to designate a doctor. Tex.Lab.Code Ann. §§ 408.122(c), 408.125.

medical improvement on April 14, 1998 and Dr. Osborne (selected by appellant) determined the date to be October 28, 1997.

Dr. Taylor, appellee's treating physician, also supplied evidence and reports that supported Dr. Osbourne's conclusion of a 13 percent impairment rating at maximum medical improvement on October 28, 1997. Thus, while the TWCC's designated doctor proposed a 4 percent impairment rating, three others supported ratings of 10, 13, and 13 percent.

As to the date of maximum medical improvement, Dr. Mager determined it was October 1, 1997, while Drs. Osborne and Taylor concluded it was October 28, 1997. Dr. Shestha opined it was April 14, 1998. Some of this additional medical evidence, coupled with appellee's own testimony, could have undermined the jury's confidence in the presumption to be accorded the designated physician's opinions.

Although conflicting, this evidence is more than a scintilla of evidence and does not show the complete absence of a vital fact. Therefore, we overrule appellant's legal sufficiency challenges in issues three and five.

## FACTUAL INSUFFICIENCY

■ In appellant's issues four and six, appellant challenges the factual sufficiency of the evidence to support the jury's same two findings, the April 14, 1998 date of maximum medical improvement and his impairment rating of 10 percent.

■ When a party complains on appeal that the evidence is "insufficient" to support a fact finding the party must show that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case in making this determination. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406 (Tex.), *cert.*

*denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

■ We must review all the evidence and determine whether the findings are so against the great weight and preponderance as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986) (op. on reh'g).

In addition to the evidence discussed under issued three and five, appellee testified that his one office visit with Dr. Mager was "the most quickest [sic] doctor visit that I have ever had in my whole entire life," lasting under ten minutes. Appellee also testified that Dr. Mager did not take any measurements, even though he based some of his medical concessions on measurements.

Even though Dr. Mager's opinions, as those of TWCC's designated doctor carried presumptive weight, in light of all the evidence, we cannot say the jury's findings were so against the great weight and preponderance of the evidence to be manifestly unjust. We overrule appellant's fourth and sixth issues.

## ATTORNEY'S FEES

■ Post-submission, appellant filed a motion for approval of appellate attorney's fees. Appellant contends it is entitled to attorney's fees under section 408.222 of the Texas Labor Code. TEX.LAB. CODE ANN. § 408.222. We have already denied this request once by written order dated March 9, 2000. Appellant has filed a motion to reconsider our ruling March 9 along with a second motion for approval of attorney's fees. While we agree that the labor code allows for the recovery of attorney's fees in connection with defending an insured in a worker's compensation claim, that fee should be approved by the TWCC or "court." *Id.* The statute does not specify which court. Appellant is asking this court to determine the propriety and the reasonableness of the fees with no motion

for attorney's fees having been previously filed with the TWCC or the trial court below. We believe, however, that this issue should have been submitted either to the TWCC or to the trial court for determination. *Id.* Any prospective award for appealing a TWCC or trial court decision could be conditionally determined by the trial court. We therefore deny appellant's motion to award or determine attorney's fees.

Having found no error in the trial court's judgment we affirm.

RICHARDS, J., filed a concurring and dissenting opinion.

RICHARDS, Justice, concurring and dissenting.

I concur with the majority in the decision to affirm the trial court's judgment, but I respectfully dissent to the denial of approval of attorney's fees for appellant's counsel on appeal.

The majority states that the Texas Labor Code provides that the issue of appellate attorney's fees be submitted either to the TWCC or to the "court," and that "[a]ny prospective award for appealing a TWCC or trial court decision could be conditionally determined by the trial court."

Not only does the statute in question not support the interpretation suggested by the majority, but even a cursory reading of its provisions yields the exact opposite conclusion. *See* TEX.LAB.CODE ANN. § 408.222 (Vernon 1996). By its express language, the statute provides that an attorney seeking approval of attorney's fees must provide written evidence of the *"time spent and expenses incurred."* *Id.* § 408.222(b)(1) (emphasis added). This language is *retrospective* in nature—not *prospective.* That is, the attorney must actually spend time and incur expenses before requesting approval of his or her attorney's fees. The majority opinion ignores this mandatory language as though the statute provided that the appellate attor-

ney could submit written evidence to the trial court of *an estimate of time to be spent and expenses anticipated* in the appeal. Regardless of the logical appeal of the procedure suggested by the majority, it is not the law, given the express language of the legislature to the contrary.

Moreover, section 408.222 empowers the TWCC or "court" to determine what is reasonable and necessary. Section 408.221, the companion provision relating to approval of attorney's fees for the claimant's attorney, also requires approval of necessary and reasonable attorney's fees by the TWCC or "court." *Id.* § 408.221. There is nothing within the language of either section 408.221 or section 408.222 that limits the meaning of court to "trial court." Originally, only the Workers' Compensation Board had authority to approve reasonable attorney's fees for representing a claimant. Act of March 28, 1917, 35th Leg., R.S., ch. 103, part 1, §§ 7c–7d, 1917 Tex.Gen.Laws 269, 273, *amended by* Act of May 5, 1937, 45th Leg., R.S., ch. 261, § 1, 1937 Tex.Gen.Laws 535, 535–36, *amended by* Act of June 6, 1957, 55th Leg., R.S., ch. 397, § 1, 1957 Tex.Gen. Laws 1186, 1187–88, *amended by* Act of June 1, 1959, 56th Leg., R.S., ch. 355, § 2, 1959 Tex.Gen.Laws 778, 780, *amended by* Act of March 18, 1969, 61st Leg., R.S., ch. 18, §§ 6, 7, 1969 Tex.Gen.Laws 48, 51, *amended by* Act of December 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 4.09, 1989 Tex.Gen.Laws 1, 34–35 (current version at TEX.LAB.CODE ANN. § 408.221). However, prior to codification of section 408.221 in the labor code, the legislature's amendments required "such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined." Act of March 18, 1969, 61st Leg., R.S., ch. 18, §§ 6, 7, 1969 Tex.Gen.Laws 48, 51–52. In 1989, when the Legislature amended the approval requirement as it applied to claimants' attorneys, and added the provision relating to attorneys who represent carriers, it removed the reference to "trial court." *See*

Act of December 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 4.09, 1989 Tex.Gen.Laws 1, 34–35. I would hold that by so doing, the Legislature intended to broaden the jurisdiction over approval of attorney's fees to include the appellate courts. The fact that section 408.222 only authorizes approval of fees for "time spent and expenses incurred" lends further support to this proposition. Tex.Lab.Code Ann. § 408.222(b)(1).

The majority's decision denying approval of fees to appellate counsel has the effect of punishing counsel for his decision to follow the letter of the law and submit his accounting of "time spent and expenses incurred" only *after* his time was spent and *after* his expenses were incurred. To hold that this accounting was due *before* any time was spent and *before* any expenses were incurred is improper and in direct contravention of the procedure required by the Legislature.

For these reasons, I would respectfully hold that we have jurisdiction to consider attorney Campbell's motion, and that we have the option to either approve or not approve the fees requested, or to abate the appeal and remand the question of approval of attorney's fees to the trial court for determination.