COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-214-CV


JAMES R. SPURLIN                                                               APPELLANT 
 
V.
 
NATIONAL FIRE INSURANCE COMPANY                                     APPELLEE 
 
------------
 
FROM THE 
362ND DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        This workers’ compensation appeal has a tortured and complicated 
procedural history. Ultimately, a jury found that Appellant James R. Spurlin 
(“Spurlin”) reached maximum medical improvement on August 19, 1997, with 
a 12% impairment rating. Spurlin appeals from the trial court’s judgment on 
the jury’s verdict, raising three points. In two points, he claims that the trial 
court erred by excluding all evidence of a 37% impairment rating and by failing 
to submit the 37% impairment rating to the jury. In his third point, he argues 
that because Texas Labor Code section 410.203(c) prohibits a Texas Workers’ 
Compensation Commission appeals panel from remanding a case more than 
once for the development of further evidence, it is unconstitutional. Tex. Lab. 
Code Ann. § 410.203(c) (Vernon 2003). 
        Texas Labor Code section 410.302 limits trial in district court to issues 
decided by the commission appeals panel. Id. § 410.302; Old Republic Ins. Co. 
v. Warren, 33 S.W.3d 428, 432 (Tex. App.—Fort Worth 2000, pet. denied) 
(recognizing “section 410.302 limits judicial review ‘to issues decided by the 
commission appeals panel’” and requires the pleadings to “specifically set forth 
the determination of the appeals panel by which the party is aggrieved”). The 
only exception to this rule is if the court, after a hearing, finds that there is a 
substantial change in the injured worker’s condition. See Tex. Lab. Code Ann. 
§ 410.307(a); see also Tex. Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 
504, 515 (Tex. 1995). 
        Here, it is undisputed that the validity of the 37% impairment rating was 
never decided by the appeals panel and that Spurlin did not assert a substantial 
change in his condition. In a third appeal in this case to an appeals panel within 
the commission, filed after National Fire Insurance Company (“National Fire”) 
had filed suit in district court, the appeals panel specifically declined jurisdiction 
over the 37% impairment rating issue. Because the 37% impairment rating 
was never “decided by the commission appeals panel,” because section 
410.302 limits trials in the courts to issues decided by the commission appeals 
panel, and because Spurlin does not fall within the exception to this statutory 
rule, 


 the trial court did not abuse its discretion by excluding evidence of the 
37% impairment rating or by refusing to submit it to the jury. See Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998) (holding 
appellate court must uphold trial court’s evidentiary ruling if any legitimate basis
exists in the record for the ruling). We overrule Spurlin’s first and second
points.
        Spurlin failed to raise his constitutional challenge in the trial court, so it 
is waived. See, e.g., Gen. Motors Acceptance Corp. v. Harris County Mun. 
Util. Dist. No. 130, 899 S.W.2d 821, 825 (Tex. App.—Houston [14th Dist.] 
1995, no writ) (holding constitutional challenges must be presented to the trial 
court in order to be preserved for appeal). We overrule Spurlin’s third point. 
        National Fire raises a conditional cross-point, praying for affirmance of the 
trial court’s judgment but apparently arguing that if we reverse the trial court’s 
judgment then we should also hold that the 48% impairment rating should not 
have been submitted to the jury. Because we have overruled Spurlin’s three 
points, we need not address National Fire’s cross-point. See Tex. R. App. P. 
47.1.
We affirm the trial court’s judgment.
 
                                                          SUE WALKER 
                                                          JUSTICE
 
PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ.
DELIVERED: October 2, 2003