James Spurlin v. Nat'l Fire Ins. Co.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-214-CV

JAMES R. SPURLIN APPELLANT

V.

NATIONAL FIRE INSURANCE COMPANY APPELLEE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This workers’ compensation appeal has a tortured and complicated procedural history.  Ultimately, a jury found that Appellant James R. Spurlin (“Spurlin”) reached maximum medical improvement on August 19, 1997, with a 12% impairment rating.  Spurlin appeals from the trial court’s judgment on the jury’s verdict, raising three points.  In two points, he claims that the trial court erred by excluding all evidence of a 37% impairment rating and by failing to submit the 37% impairment rating to the jury.  In his third point, he argues that because Texas Labor Code section 410.203(c) prohibits a Texas Workers’ Compensation Commission appeals panel from remanding a case more than once for the development of further evidence, it is unconstitutional. 
 Tex. Lab. Code Ann. 
§ 410.203(c) (Vernon 2003).

Texas Labor Code section 410.302 limits trial in district court to issues decided by the commission appeals panel.  
Id.
 
§ 410.302; 
Old Republic Ins. Co. v. Warren
, 33 S.W.3d 428, 432 (Tex. App.—Fort Worth 2000, pet. denied) (recognizing “section 410.302 limits judicial review ‘to issues decided by the commission appeals panel’” and requires the pleadings to “specifically set forth the determination of the appeals panel by which the party is aggrieved”).  The only exception to this rule is if the court, after a hearing, finds that there is a substantial change in the injured worker’s condition.  
See 
Tex. Lab. Code Ann. 
§ 410.307(a); 
see also
 
Tex. Workers’ Comp. Comm’n v. Garcia
, 893 S.W.2d 504, 515 (Tex. 1995).

Here, it is undisputed that the validity of the 37% impairment rating was never decided by the appeals panel and that Spurlin did not assert a substantial change in his condition.  In a third appeal in this case to an appeals panel within the commission, filed after National Fire Insurance Company (“National Fire”) had filed suit in district court, the appeals panel specifically declined jurisdiction over the 37% impairment rating issue.
 
 Because the 37% impairment rating was never “decided by the commission appeals panel,” because section 410.302 limits trials in the courts to issues decided by the commission appeals panel, and because Spurlin does not fall within the exception to this statutory rule,
(footnote: 2) the trial court did not abuse its discretion by excluding evidence of the 37% impairment rating or by refusing to submit it to the jury.  
See Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998) (holding appellate court must uphold trial court’s evidentiary ruling if any legitimate basis exists in the record for the ruling).
  We overrule Spurlin’s first and second points.

Spurlin failed to raise his constitutional challenge in the trial court, so it is waived.  
See, e.g., 
Gen. Motors Acceptance Corp. v. Harris County Mun. Util. Dist. No. 130
, 899 S.W.2d 821, 825 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ) (holding constitutional challenges must be presented to the trial court in order to be preserved for appeal).  
We overrule Spurlin’s third point.

National Fire raises a conditional cross-point, praying for affirmance of the trial court’s judgment but apparently arguing that if we reverse the trial court’s judgment then we should also hold that the 48% impairment rating should not have been submitted to the jury.  Because we have overruled Spurlin’s three points, we need not address National Fire’s cross-point.  
See
 
Tex. R. App. P. 
47.1.

We affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: October 2, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The trial court submitted impairment ratings of 0%, 12%, and 48% to the jury.