

**NUMBER 13-13-00219-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI − EDINBURG**

---

**LUMBERMENS MUTUAL
CASUALTY COMPANY,**                                    **Appellant,**

**v.**

**NOE PORTILLO,**                                    **Appellee.**

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

---

# ABATEMENT ORDER

### Before Justices Garza, Benavides, and Perkes
### Order Per Curiam

On June 5, 2014, this Court issued a memorandum opinion in this cause. On June 11, 2014, appellant, Lumbermens Mutual Casualty Company ("Lumbermens"), filed a Motion for Approval of Application for Attorney's Fees with an attached affidavit by Lumbermens's counsel and billing records. In its motion, counsel for Lumbermens asks this court to grant an order which finds that counsel's attorney's fees incurred related to

this appeal are reasonable and necessary. *See* TEX. LAB. CODE ANN. § 408.222 (West, Westlaw through 2013 3d C.S.) (mandating that the amount of attorney's fees for defending an insurance carrier in a workers' compensation action must be approved by either the Texas Department of Insurance's Workers' Compensation Division ("the Division") or "court," and determined by either the Division or court to be reasonable and necessary). On June 27, 2014, appellee, Noe Portillo, filed a response with the Court stating that he was unopposed to Lumbermens's motion.

We agree with Lumbermens's position that the labor code allows for the recovery of attorney's fees in connection with defending an insurance career in a workers' compensation claim, after (1) the fee is approved by the Division or "court" and (2) a determination of whether the fee is reasonable and necessary is made. *See id.* Although the statute does not specify which "court" may make such a finding under section 408.222, we do not believe that this Court is the "court" to make such a determination because such a determination requires the evaluation and weighing of evidence. *See Old Republic Ins. Co. v. Warren*, 33 S.W.3d 428, 434–35 (Tex. App.—Fort Worth, pet. denied) (declining to determine the propriety and the reasonableness of the fees with no motion for attorney's fees having previously been filed at the trial court). Instead, we conclude that the approval and determination of the propriety and reasonableness of Lumbermens's counsel's attorney's fees is more appropriate for the trial court, which will sit as the factfinder to evaluate and weigh the evidence, and ultimately answer the pending dispositive questions of fact. *See id.*

Given the foregoing, we ABATE this matter and REMAND it to the trial court for the limited purpose of holding a hearing to make a determination of whether

Lumbermens's counsel's attorney's fees incurred on and between April 17, 2013 and June 9, 2014 (1) should be approved; and (2) that such fees are reasonable and necessary using the guidelines set forth in the labor code. *See* Tᴇx. Lᴀʙ. Cᴏᴅᴇ Aɴɴ. § 408.222. The trial court shall make and file appropriate findings of fact and conclusions of law and cause them to be included in a clerk's record; cause the hearing to be transcribed and included in a reporter's record; and have these records forwarded to the Clerk of this Court within twenty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
3rd day of July, 2014.