**Tommy E. SWATE, Appellant,**

v.

**Judy Swate CROOK, Appellee.**

No. 01–97–01386–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1999.

Rehearing Overruled May 21, 1999.

Tommy E. Swate, El Paso, for Appellant.

Reba A. Eichelberger, Baytown, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

MICHOL O'CONNOR, Justice.

This is a child support case. Tommy E. Swate, the appellant (referred to as the father), moved the trial court to modify a child support order. He appeals the trial court's order denying the motion. We affirm the trial court's judgment.

### A. Background

The father and Judy Swate Crook, the appellee (referred to as the mother), were divorced in 1992, and the father was ordered to pay child support for their daughter. In July 1993, the trial court granted the father's motion to modify and reduced the child support payments to $700 per month. In October 1997, the father filed another motion to modify the order. He asked the court to reduce his child support payments to $225 because he claimed a substantial and material change in his circumstances had occurred since the 1993 order.

### B. Standard of Review

We review a trial court's decision to deny, or grant, a motion to modify a child support order for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 577–78 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, that is without reference to guiding rules and principles. *Nordstrom*, 965 S.W.2d at 578. In making this determination, we must view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Id.* We must uphold the trial court's decision as long as there is some evidence of a substantive and probative character to support its decision. *Id.*

The Family Code allows a trial court to modify a child support order upon the showing that the circumstances of the child or a person affected by the order have materially and substantially changed since the order was signed. Tex. Fam. Code § 156.401(a). In a modification proceeding, the trial court compares the financial circumstances of the child and the affected parties at the time the support order was entered with their circumstances at the time the modification is sought. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The movant has the burden

to show a material and substantial change by a preponderance of the evidence. *Id.*

## C. Analysis

In three issues, the father argues the trial court abused its discretion when it denied his motion to modify the 1993 child support order because: (1) there was uncontroverted evidence that he has experienced a material and substantial change in his financial condition; (2) the mother did not produce any evidence showing the father was able to pay $700 per month as in the 1993 order; and (3) there was no evidence that the father was underemployed.

### 1. Material and substantial change

■ The father claims to have undergone a material and substantial change in circumstances since the 1993 order because (1) he filed bankruptcy, (2) he has had two children since the 1993 order, and (3) he is involuntarily unemployed.

The mother argues the father did not prove a material and substantial change in his circumstances because: (1) although the father filed for bankruptcy protection, the bankruptcy court's findings show the father hid assets from creditors by transferring over $600,000 to third parties; (2) although he has two other children, one of them was born in 1992, before the 1993 order was entered; and (3) the father was also unemployed at the time of the 1993 order.[1]

■ We agree with the mother. The father had the burden of proving a change in his circumstances, which means he was required to present evidence of his financial condition at the time of the 1993 order and evidence of his financial condition at the time of the hearing. *See Holley,* 864 S.W.2d at 706. Without this evidence, the trial court could not conclude whether there was a material and substantial change in his circumstances. *See id.*

The father did not offer any evidence other than his own testimony, a financial statement, and a pay stub. The father did not introduce any evidence that would establish his financial condition in July 1993, the time of the original order. He merely read into the record what he claims to be his current financial statement, and then asked the trial court to find that he had no monthly net resources.

The father said the following assets and liabilities appeared on his financial statement: (1) $125 in his checking account; (2) a car titled to his wife; (3) an IRA, SEP worth $13,351.35; (4) a $250,000 term life insurance policy; (5) $2,200 in legal fees owed to him; (6) antique artwork, his coin collection, and other items he claimed were stolen by the mother; (7) a watch; (8) other jewelry that he claims was stolen by the mother or his son; (9) contingency assets in three different lawsuits, one for the return of his job, one against a federal agency for a violation of his constitutional rights, and another against a newspaper reporter for libel; (10) credit card debts totaling $2,500; and (11) $11,300 owed to the IRS. There is no proof of these assets and liabilities other than the father's own testimony.

---

1. The father is a doctor and a lawyer. He said he was unemployed as a doctor because of an order by the Texas Board of Medical Examiners. He had been employed by Texas Tech University Health Sciences Center, but was suspended and discharged. He said his only potential income was $2,200 in legal fees owed to him. He said he had filed applications for employment, but that it was impossible for him to work as a doctor because he must complete six months of residency. He said he is precluded from completing the residency, but he did not state why. The father said the only job he could get would be in an institutional setting, such as in a prison. However, he said he was precluded from an institutional job because he is on probation by the State Board of Medical Examiners.

The father said he has received substantial adverse publicity over the past four or five years, which precludes him from being effective as a lawyer. He has handled personal injury cases, but he cannot afford to fund them. He said he was not intentionally unemployed, or underemployed.

■ Without additional credible evidence, the simple fact that the father declared bankruptcy after the 1993 order does not alone warrant a reduction in the child support order. The mother directly attacked the father's credibility by introducing evidence of the bankruptcy court's findings, which contradicted the father's testimony. The bankruptcy court found the father transferred assets to family members and friends, that he concealed his transfers of property during the year preceding his bankruptcy, and he knowingly and fraudulently withheld from the trustee records and information relating to his property and financial affairs. Despite the bankruptcy court's findings, at the hearing the father continued to deny that he transferred funds to his wife and various other people.

■ With this evidence before the trial court, it was within the trial court's discretion to consider the father's credibility. *See MacCallum v. MacCallum*, 801 S.W.2d 579, 583 (Tex.App.—Corpus Christi 1990, writ denied) (stating trial court could have inferred evidence presented by movant was not credible or trustworthy). The trial court could have inferred the father was being untruthful regarding his finances because he had been untruthful regarding the same issues before the bankruptcy court.

That the father was unemployed also does not warrant the conclusion that he had a material and substantial change in circumstances, because the father was also unemployed at the time of the 1993 order.

■ The father claims he has experienced a material and substantial change in circumstances because he has had two more children since 1993. He made this argument before the trial court *and* this Court. The evidence shows the father has only had one more child since 1993, not two. Nonetheless, the fact that the father has had an additional child, without more, is insufficient to support a material and substantial change in circumstances. *See*

*Farish v. Farish*, 921 S.W.2d 538, 545 (Tex.App.—Beaumont 1996, no writ) (holding an additional child does not represent material and substantial change in circumstances). The father did not provide the trial court with any evidence of additional expenses because of the child.

Viewing the evidence in the light most favorable to the trial court's judgment, we do not find the trial court abused its discretion because the father did not introduce any evidence of a material and substantial change in his circumstances since the 1993 order. *See Nordstrom*, 965 S.W.2d at 578.

We overrule the father's issue one.

### 2. Ability to Pay

In issue two, the father claims the mother did not prove he had the ability to pay $700 per month as ordered by the court. However, the mother was not required to prove what the father alleges. The father, as the movant, had the burden of proving he was entitled to a modification because of a material and substantial change in his circumstances. *See Holley*, 864 S.W.2d at 706. He did not meet this burden.

We overrule the father's issue two.

### 3. Underemployed

In issue three, the father argues the trial court abused its discretion because there was no evidence that he was underemployed. However, the trial court's decision to deny the father's request for modification was not based on a finding that he was underemployed. It was based on a finding that there was not a material and substantial change in the father's circumstances. Therefore, this argument is without merit.

We overrule the father's issue three.

### D. The mother's cross-point

■ In a single cross-point, the mother requests this Court to sanction the father for bringing a frivolous appeal. Texas Rules of Appellate Procedure Rule

45 authorizes this Court to award each prevailing party just damages if it determines an appeal is frivolous.[2] Damages will be imposed only if the record clearly shows the father has no reasonable expectation of reversal, and the father has not pursued the appeal in good faith. *See Finch v. Finch*, 825 S.W.2d 218, 226 (Tex. App.—Houston [1st Dist.] 1992, no writ).[3] In making these findings, this Court must review the case from the father's point of view at the time the appeal was taken, and decide whether he had any reasonable grounds to believe the case would be reversed. *See Hicks v. Western Funding, Inc.*, 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

The father is a licensed attorney who represented himself *pro se*. Initially, he did not file a reply brief responding to the mother's cross-point. At oral argument, the father was ordered to file a reply brief. The Court specifically asked the father to explain why he had a reasonable expectation of reversal.

In his reply brief, the father did not explain why he had a reasonable expectation of reversal on any of the issues he presented to this Court. Instead, the father restated each of the three issues presented in the original brief, and attempted to rebut some of the mother's statements at oral argument. None of this is relevant to the issue of whether this is a frivolous appeal warranting sanctions.

### 1. *No reasonable expectation of reversal*

■ The mother argues the father could not have a reasonable expectation of reversal on any of the issues he presented to this Court. We agree.

**2.** Rule 45 states:
> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

The standard of review for this Court, and the standard followed by the trial court, to determine whether to grant a modification are well-settled law. *See, e.g., Worford*, 801 S.W.2d at 108; *Nordstrom*, 965 S.W.2d at 575; *Holley*, 864 S.W.2d at 703. It should have been clear to the father what his burden was at the trial court, and that he had not met his burden. In fact, *even the trial court admonished the father* for not meeting his burden. After the trial court denied the motion to modify, the trial court said, "I suggest before you bring these instruments [another written motion], you have more evidence prepared to present to the [trial court] than what I heard today."

As for the father's argument that his filing bankruptcy constituted a material and substantive change, he did not cite any legal authority for this proposition. The findings of the bankruptcy court, which were admitted into evidence at the trial court, include a finding that the father knowingly and fraudulently transferred and hid assets from the bankruptcy trustee. It seems obvious that the father attempted to commit another fraud in the trial court by arguing he underwent a material and substantial change in circumstances.

As for the father's argument that he has had two more children since the 1993 order, when in fact he has only had one, the father says he might have been confused about the birthday of one of his children. This is an unacceptable explanation because the father himself admitted into evidence the birth certificates of his children. The birth certificates clearly reflected one child was born in 1992 and another in 1994.

**3.** The father distinguishes his case from cases in which sanctions were imposed. He argues that sanctions should not be imposed against him because he filed a statement of facts, he presented sufficient authority, and he requested findings of fact and conclusions of law. *Compare Finch*, 825 S.W.2d at 226.

This is not a plausible explanation for his misstatement to the trial court, and it is incredible for him to use this explanation for making the same false statement *again* to this Court.

Finally, the father could not reasonably have expected a modification in child support because of the fact he was unemployed. As we stated before, the father's employment status at the time of the 1993 order and the time he sought to modify the child support simply had not changed. He was unemployed at both times. He was aware of those facts, and should also have been aware that those facts did not constitute a material and substantial change in his circumstances.

In light of these considerations, the father did not have a reasonable expectation of reversal on issue one.

Similarly, on issues two and three, the father did not present this Court with any arguable issues. In arguing issue two, the father disregarded established law that places the burden on him to prove he was entitled to a modification in child support. He argued before this Court that the mother was required to prove he was able to pay child support. This is simply not true because as the party seeking the modification, he had the burden. There is no case law to support such a proposition.

In arguing issue three, the father disregarded the trial court's findings. In fact, most of the father's brief was devoted to arguing issue three. Without a finding from the trial court on whether he was intentionally unemployed or underemployed, there was nothing for the father to attack. Yet, the father argued this on appeal anyway.

### 2. The appeal was not pursued in good faith

We must next determine whether the appeal was pursued in good faith. *Finch*, 825 S.W.2d at 226. Among the things we consider are whether the father raised well-researched, arguable issues, whether he has shown a conscious indifference to settled rules of law, and the father's failure to file a response to the mother's cross-point. *Texas Employers' Ins. Ass'n v. Armstrong*, 774 S.W.2d 755, 756 (Tex.App.—Houston [1st Dist.] 1989, no writ) (interpreting former rule 84); *see Tate v. Du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex.App.—Houston [14th Dist.] 1997, no writ).

The father did not file a response until he was ordered to do so. Even with specific instructions to explain why he had a reasonable expectation of reversal, the father did not. Considering the previous discussion, it is impossible to conclude the father presented any well-researched, arguable issues to this Court. The father has shown a conscious indifference to established law, especially in issues one and two. He has not legitimately argued for a change in the law either; instead, he has presented his distorted version of the law, and continued his efforts to mislead this Court, as he did in the trial court and the bankruptcy court. *See Bradt v. West*, 892 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (stating party who does not argue for a legitimate change in law may be subject to sanctions). Therefore, we are compelled to find the father did not bring this appeal in good faith.

### 3. Damages

Rule 45 authorizes this Court to grant just damages. Tex.R.App. P. 45. The mother has requested $5,000 in attorney's fees as damages in responding to this appeal. We find this is a just and reasonable amount.

We sustain the mother's cross-point and award her damages of $5,000.

We affirm the trial court's judgment.