**TEXAS DEPARTMENT OF TRANSPORTATION,**
Appellant,

v.

**John E. BECKNER, Appellee.**

No. 10–01–200–CV.

Court of Appeals of Texas,
Waco.

March 20, 2002.

Rehearing Overruled April 17, 2002.

Hector J. Flores, Asst. Atty. Gen., Transp. Div. of the State of Texas, Austin, for appellant.

Colin H. O'Neill, David Johnson, Andy McSwain, Fulbright Winniford, P.C., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

The Texas Department of Transportation ("TxDOT") appeals from the trial court's denial of its plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.104(a)(8) (Vernon 1997). We ordered the proceedings below stayed pending the outcome of the appeal. TEX.R.APP. P. 29.3. We will affirm the trial court's order denying the plea to the jurisdiction. Also, Beckner filed a motion for appellate sanctions, which we will deny. *Id.* 45.

*Background*

The following facts and events set the stage for this appeal:

- In January 1994, Beckner injured his back on the job while employed by TxDOT.
- TxDOT is a self-insured employer under the Texas Workers' Compensation Act. TEX. LAB.CODE ANN. § 406.003 (Vernon 1996).
- Beckner collected "impairment income benefits" under the Workers' Compensation Act. *Id.* § 408.121. Later he applied for and received "supplemental income benefits." *Id.* § 408.141. TxDOT disputed whether, for the period of April 1, 2000, through September 29, 2000, Beckner made a good faith search for employment commensurate with his ability to work, as is required by administrative regulations of the Texas Workers Compensation Commission ("TWCC"). 28 TEX. ADMIN. CODE § 130.102.
- A benefit review conference before a review officer of the TWCC was held in August 2000 in an attempt to mediate the dispute, but the matter was not resolved. TEX. LAB.CODE ANN. §§ 410.021–.034 (Vernon 1996).
- A benefit contested case hearing before a hearing officer of the TWCC was held in October 2000. *Id.* §§ 410.151–.169 (Vernon 1996 and Supp.2002). On October 25, the hearing officer ruled that Beckner was not entitled to the benefits because he had not made a good faith effort to obtain employment commensurate with his ability to work. The officer issued a written "Decision and Order" containing findings of fact and conclusions of law.
- Beckner appealed that decision, and on December 20, 2000, an appeals panel of the TWCC affirmed the decision of

the hearing officer in a brief written "Decision." *Id.* §§ 410.201–.208. The "Decision" (1) recounted minimal facts, (2) recited the hearing officer's finding that Beckner "had ability to work during [the time in question] but failed to make a good faith search for employment commensurate with his ability to work," (3) stated the applicable standard of review, and (4) concluded that the hearing officer's decision was not "against the great weight and preponderance of the evidence."

• On January 23, 2001, Beckner filed the underlying lawsuit. *Id.* § 410.251 (Vernon 1996). TxDOT filed an "Answer" in February.

### Plea to the Jurisdiction

In May 2001, TxDOT filed a "Plea to the Jurisdiction." The plea pointed out that in his original petition, Beckner said he "is aggrieved by the Findings of Fact and the Conclusions of Law and the decision made by the contested case hearing benefit officer, attached hereto and incorporated herein by reference." The plea then asserted that "[b]y filing suit claiming he was aggrieved by the decision of the *contested case hearing officer* and not the *Appeals Panel,* Plaintiff failed to adhere to the following statutes: Sections 410.251, 410.252, 410.253, 410.301, 410.302, and 410.304 of the" Labor Code. (Emphasis in original). These six statutes in various ways refer to filing a lawsuit based on a decision of the *appeals panel.* The plea continued, claiming that section 410.252, which requires that the plaintiff file the lawsuit within forty days of the filing of the *appeals panel's* decision, is a jurisdictional statute. It concluded that, therefore, Beckner's petition alleging a complaint about only the hearing officer's decision was inadequate to invoke the trial court's jurisdiction within the forty days.[1]

### Statutory Prerequisites and Subject Matter Jurisdiction

To render a valid judgment, a trial court must have, *inter alia,* subject matter jurisdiction. *E.g., State ex rel. Latty v. Owens,* 907 S.W.2d 484 (Tex.1995); *The State Bar of Texas v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994). TxDOT would have us hold that if a petition fails to refer specifically to the appeals panel's decision, it therefore fails to invoke subject matter jurisdiction, an error that cannot be corrected by amending the petition after the forty-day period expires.[2]

The threshold issue here is whether section 410.252 is jurisdictional. Some courts have held that filing the lawsuit outside the forty days deprives the trial court of subject matter jurisdiction. *E.g., Johnson v. United Parcel Service,* 36 S.W.3d 918, 921 (Tex.App.-Dallas 2001, no pet.); *Morales v. Employers Cas. Co.,* 897 S.W.2d 866, 868 (Tex.App.-San Antonio 1995, writ denied) (the section is both mandatory and jurisdictional)[3] (citing *Dallas Ind. Sch.*

---

**1.** TxDOT did not assert that any other of the six statutes are jurisdictional. Indeed, some have been held not to be. *E.g., Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex. 1999) (The requirement in section 410.253 that the petition be simultaneously filed with the court and the TWCC is mandatory but not jurisdictional.); *Old Republic Ins. Co. v. Warren,* 33 S.W.3d 428, 431 (Tex.App.-Fort Worth 2000, pet. denied) (Section 410.302, requiring that the petition set forth the contested issues decided by the appeals panel, is not jurisdic-

tional. Any such omissions in the petition are to be corrected by special exception and amendment.).

**2.** Whether the petition states what the contested issues are that the appeals panel decided is not jurisdictional. *Old Republic,* 33 S.W.3d at 431; Tex. Lab.Code Ann. § 410.302.

**3.** The Reporter incorrectly cites to section "7" instead of section "5."

*Dist. v. Porter,* 709 S.W.2d 642, 643 (Tex. 1986)) (concerning the twenty-day filing requirement contained in the former workers' compensation act: Tex.R. Civ. Stat. Ann. art. 8307 § 5 (Vernon 1967)). However, based on the Supreme Court's holding in *Dubai Petroleum Co. v. Kazi,* not cited by TxDOT in its appellate brief, the conclusions reached in these cases are in question. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000).[4]

The issue in *Dubai* was whether section 71.031 of the Civil Practice and Remedies Code, requiring that suit for personal injuries occurring in another country may be brought in the United States only if that country and the United States have "equal treaty rights," is jurisdictional. Tex. Civ. Prac. & Rem.Code Ann. § 71.031 (Vernon Supp.2002). The Court first distinguished common law actions from statutory actions. *Dubai,* 12 S.W.3d at 75. It cited *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926), a workers' compensation case in which the Supreme Court found that jurisdiction had not been invoked because the petition failed to allege the actuality of several statutory requirements for filing suit. The Court discussed a long line of precedent in which it had followed the general rule that "where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. ... [and] there is no presumption of jurisdiction ...." *Id.*(quoting *Mingus,* 285 S.W. at 1087). But a unanimous[5] Court went on to say that following the rule in *Mingus* has "resulting practical difficulties suggest[ing] underly-

ing flaws," because of numerous and sometimes ambiguous statutory requirements which, if jurisdictional, give rise to the possibility of later attacks on the validity of the judgment.[6] *Dubai,* 12 S.W.3d at 76. Accordingly, the Court overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.*

Soon after *Dubai* was decided, we issued *Godley Independent School Dist. v. Woods,* 21 S.W.3d 656 (Tex.App.-Waco 2000, pet denied). Woods, an employee of the school district, filed a claim for breach of contract. However, he did not plead (a) that he had exhausted his administrative remedies or (b) facts which would support a conclusion he had. *Id.* at 657. Exhaustion of administrative remedies before filing suit is required by the Texas Education Code. *Id.* at 659–60. The school district filed a plea to the jurisdiction, asserting that by failing to allege that administrative remedies had been exhausted, Woods failed to invoke the trial court's subject matter jurisdiction. In a lengthy footnote, we discussed *Dubai* and its possible implications. *Id.* at 658 n. 1. We declined to apply *Dubai* for a number of reasons pertinent to the facts of *Woods;* however we "note[ed] the possibility that *Dubai Petroleum* may apply to this case ...." *Id.* But we upheld the trial court's denial of the plea to the jurisdiction, citing the Fort Worth and Corpus Christi courts for the rule that a plaintiff must be given the opportunity to amend a petition that inadequately alleges facts in support of jurisdiction. *City of Saginaw v. Carter,* 996 S.W.2d 1, 3 (Tex.App.-Fort Worth 1999, pet. dism'd w.o.j.); *Ramirez v. Lyford Consol. School Dist.,* 900 S.W.2d 902,

---

4. Beckner relied, *inter alia,* on *Dubai* at the hearing on the plea to the jurisdiction.

5. Justice Enoch did not participate.

6. These would include an attack by a defendant after the plaintiff prevailed at trial, allowing the defendant to "lay behind the log."

906 (Tex.App.-Corpus Christi 1995, no writ).

Soon after our decision in *Woods*, the Austin court issued *Sierra Club v. Natural Res. Conserv. Com'n*, 26 S.W.3d 684 (Tex. App.-Austin 2000, no pet.). The plaintiffs sued the Texas Natural Resource Conservation Commission under section 361.321 of the Health and Safety Code after the Commission issued a permit to a private corporation to burn solid waste. TEX. HEALTH & SAFETY CODE ANN. § 361.321 (Vernon 2001).[7] The plaintiffs also sued eight individuals. All nine defendants were served with a copy of the petition, but only the Commission was served with citation. The Commission filed a plea to the jurisdiction, asserting that under the rule in *Mingus* the lawsuit should be dismissed for want of subject matter jurisdiction. *Sierra Club*, 26 S.W.3d at 685. The Commission cited two statutes which, in combination, had not been complied with: (1) section 361.321(c) requiring service of citation within thirty days of the filing of the petition, and (2) section 2001.176(b)(2) of the Administrative Procedure Act requiring service of citation on each party of record. TEX. GOV'T CODE ANN. § 2001.176(b)(2) (Vernon Supp.2002). The trial court dismissed the lawsuit, and the plaintiffs appealed. Although the Austin court had previously applied the *Mingus* rule to section 2001.176(b)(2) in *Employees' Retirement System v. McKillip*,[8] it reversed the order of dismissal citing *Dubai*, which it said impliedly overruled *McKillip*. *Sierra Club*, 26 S.W.3d at 687. The court concluded that the statutory requirements in *Sierra Club* did not "define, enlarge, or restrict the class of causes the

[trial] court may decide or the relief that may be awarded," and therefore they are not jurisdictional. *Id.* at 688.

 After *Dubai*, statutory requirements are not "jurisdictional" merely because they impose a mandatory requirement on the plaintiff before judicial relief may be sought. We must make the determination about jurisdiction on a statute-by-statute basis. To accomplish that, we find the language from *Sierra Club* provides a workable standard. Therefore, if the statutory requirement "defines, enlarges, or restricts the class of causes the [trial] court may decide or the relief that may be awarded," it is a jurisdictional requirement. *Id.* Otherwise it is not. Applying this standard to the present case, we first find that the forty-day filing period is a limitations period,[9] not a jurisdictional requirement. If a petition is not filed within the forty days, the defendant may assert an affirmative defense of limitations under Rule 94. TEX.R. CIV. P. 94. Second, we reject TxDOT's assertion that an express phrase in the petition such as "this claim is based on the decision of the appeals panel" is a jurisdictional requirement. For these reasons, we hold that the trial court correctly denied the plea to the jurisdiction.

### Pleading Subject Matter Jurisdiction

 Although we reject TxDOT's argument that Beckner failed to invoke jurisdiction because his petition did not expressly state a claim based on the *appeals panel's* decision, nevertheless the general rule at common law is that the plaintiff's petition should plead facts which support jurisdiction.[10] *Tex. Ass'n of Business v.*

---

7. The statute allows a person affected by a decision of the Commission to file a lawsuit in a Travis County district court.

8. *Employees' Retirement System v. McKillip*, 956 S.W.2d 795, 797–98 (Tex.App.-Austin 1997, no pet.).

9. As TxDOT agrees on page 6 of its brief.

10. The Rules of Civil Procedure do not require a plaintiff to make specific allegations about subject matter jurisdiction. *See* TEX.R. CIV. P. 47, 78–82.

Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); *Woods,* 21 S.W.3d at 658. If pleadings are deficient, the plaintiff must be allowed an opportunity to amend. *See Air Control Bd.,* 852 S.W.2d at 446. This allows for more efficient review of the jurisdictional question by the courts and the parties. *See id.* at 445–46 (subject matter jurisdiction can be challenged for the first time on appeal).

 Unless the petition "affirmatively demonstrate[s]" a lack of jurisdiction, a "liberal construction of the pleading is appropriate," and the trial court will assume jurisdiction until it is proven otherwise. *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989); *Woods,* 21 S.W.3d at 658; *Martin v. Victoria ISD,* 972 S.W.2d 815, 818–19 (Tex.App.-Corpus Christi 1998, pet. denied). The trial court may consider the factual allegations in the pleadings of all the parties to determine if the court has subject matter jurisdiction. *Texas Reciprocal Ins. Ass'n v. Leger,* 128 Tex. 319, 97 S.W.2d 677, 678 (1936). If the pleadings do not affirmatively establish subject matter jurisdiction, the proper procedure for objecting is to file a special exception to require an amended pleading. *Peek,* 779 S.W.2d at 805; *Woods,* 21 S.W.3d at 661; Tex.R. Civ. P. 63, 90, 91.[11] The plaintiff has "pled himself out of court" only when the defective allegations cannot be cured by amendment and "affirmatively demonstrate" a lack of jurisdiction. *Peek,* 779 S.W.2d at 804 (citing *Richardson v. First National Life Insurance Co.,* 419 S.W.2d 836 (Tex.1967)); *Woods,* 21 S.W.3d at 658;

Smith Detective Agency v. Stanley Smith, 938 S.W.2d 743, 747 (Tex.App.-Dallas 1996, writ denied) (pleading for liquidated damages in a specific amount that is above the jurisdictional limits of the court cannot be cured by amendment).

 The record shows that Beckner exhausted his administrative remedies and, only after the appeals panel ruled, filed a lawsuit as allowed by statute within the forty-day limit. Beckner's petition may be unclear about these events, but he has not "pled himself out of court." Before the case may be dismissed, TxDOT should specially except to the petition, and the trial court must allow Beckner an opportunity to amend his petition and allege sufficient facts to show subject matter jurisdiction. If he cannot or does not amend, the trial court may grant a plea to the jurisdiction.

### Motion for Sanctions

 Beckner filed a motion for sanctions under appellate Rule 45 claiming that TxDOT's appeal is frivolous.[12] Tex.R.App. P. 45. Rule 45 is entitled "Damages for Frivolous Appeals in Civil Cases," and states:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider

11. Concerning other mandatory but non-jurisdictional requirements for which the Legislature has not provided a statutory consequence for non-compliance, courts have held that the non-compliance can be cured through a motion to abate. Tex.R. Civ. P. 85; *e.g., Hines v. Hash,* 843 S.W.2d 464, 469 (Tex.1992) (abatement is the remedy for failure to give the statutorily required notice in a suit under the

Deceptive Trade Practices Act); *Schepps v. Presbyterian Hosp.,* 652 S.W.2d 934, 938 (Tex. 1983) (abatement is the remedy for failure to give the statutorily required notice in a suit under the Medical Liability and Insurance Improvement Act).

12. Beckner filed a similar motion, which was denied, in the trial court.

any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Rule 45 replaces the former Rule 84, entitled "Damages for Delay in Civil Cases," which applied "where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause." A showing of "bad faith" was required. *E.g., Tate v. E.I. Du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex. App.-Houston [14th Dist.] 1997, no pet.). Under the new rule, "bad faith" is not required. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, no pet. h.); *Mid–Continent Cas. v. Safe Tire Disposal*, 2 S.W.3d 393, 397 (Tex.App.-San Antonio 1999, no pet.). However, it may be relevant in determining the amount of damages. *Brown*, 51 S.W.3d at 381.

Damages have been awarded when, looking at the record from the viewpoint of the appellant, there was no reasonable expectation of reversal. *Id.* at 381. Other courts have used the *Brown* standard, but have kept the "bad faith" requirement. *Chapman v. Hootman*, 999 S.W.2d 118, 124–25 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (The court found unsupported legal arguments with no cited authority, noted that the appellant did not respond to the request for damages, and awarded $5,000 in damages.); *Parker v. State Farm Mutual Auto. Ins. Co.*, 4 S.W.3d 358, 364–66 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (The court awarded $2,500 in damages, stating the appellant did not "raise[] well-researched, arguable issues," and "show[ed] a conscious indifference to settled rules of law."). Damages have also been awarded when an appeal is objectively frivolous and injures the appellee. *Mid–Continent*, 2 S.W.3d at 397. Finally, one Houston court considered whether the appellant legitimately argued for a change in the law or merely presented his distorted version of the law. *Swate*

*v. Crook*, 991 S.W.2d 450, 456 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

■ The fundamental principle in these cases is that "[a] party's decision to appeal should be based on professional judgment made after careful review of the record for preserved error in light of the applicable standards of review." *Chapman*, 999 S.W.2d at 125. The record of the hearing on the plea to the jurisdiction shows that TxDOT's appellate division had already decided to appeal if the trial court denied the plea. Evidently TxDOT thought it might prevail on a novel issue. We conclude, as the trial court did, that this is a close call, but we will give TxDOT's motives the benefit of the doubt. We deny the Rule 45 motion for sanctions.

### Conclusion

The order denying the plea to the jurisdiction is affirmed. Beckner's motion for sanctions is denied. The cause is remanded to the trial court for further proceedings.

When our mandate issues, our stay shall be automatically lifted.