COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

 

                                                                              )

TEXAS STATE TAEKWONDO                          )

ASSOCIATION, SUNHESSUP LEE,                  )

WON CHIK PARK, JIM SONG
CHUNG,         )     

KYU BOONG YIM, and CHANG SKI
LEE,       )                    No.  08-01-00403-CV

                                                                              )

Appellants,                         )                             Appeal from

                                                                              )     

v.                                                                           )                        95th District Court

                                                                              )

LONE STAR STATE TAEKWONDO                 )                   of Dallas
County, Texas

ASSOCIATION, LEE L.
RANDOLPH,               )

LASCHELLES McCARTHY, and                        )                        (TC# DV-9903030)

KIM DAVIS,                                                        )

                                                                              )

Appellees.                          )

 

 

O
P I N I O N

 

Texas
State Taekwondo Association, et al. (Appellants)
brought suit against Lone Star State Taekwondo
Association, et al. (Appellees) alleging various
causes of action.  On appeal, Appellants
challenge the trial court=s
judgment entered upon jury findings following a binding summary jury
trial.  By motion, the Appellees seek sanctions for frivolous appeal.

FACTUAL SUMMARY








Appellants
sued Appellees for slander, tortious
interference with business relationships, and intentional infliction of
emotional distress.  Appellees
in turn sought redress for Appellants=
wrongful denial of access to books and records, claimed Appellants had
initiated the lawsuit for an improper purpose, and requested attorney=s fees. 
On December 18, 2000, the parties participated in a court-ordered
meditation and signed a Rule 11 agreement for a binding summary jury
trial.  The Rule 11 agreement was filed
with the district clerk of Dallas County and made specific reference to the
cause number and style of this case. 
With the exception of Chang Ski Lee, the agreement was signed by each of
the Appellants.  The substance of the
agreement provides:

1.  The lawsuit, including all claims and
counterclaims, shall be adjudicated by a binding summary jury trial
before the 95th District Court.  The date
of such trial shall be set by the Court and shall not be subject to continuance
except by order of the Court.  The trial,
from start to finish, shall take one business day.  The parties shall work together to define the
time schedule for jury selection, presentation of their respective claims,
summation, jury deliberation and other procedural parts of the trial.

 

2.  The findings of the jury and judgment
entered by the trial court shall be non-appealable.

 

3.  The parties shall work together to simplify
the jury issues and instructions that will be presented at trial.

 

4.  The parties shall work together to define and
exchange exhibit lists at least one week before trial, including resolution of
any matters that would normally be contained in Motions in Limine
and any other pre-trial matters.

 

5.  The parties contemplate the [sic] need only
one pretrial conference to work through any unresolved matters.

 

6.  The parties signing hereto have authority to
bind and act for all named parties to the suit.

 

Signed this 18th day of December, 2000.  [Emphasis added].  

 

 








The summary jury
trial was conducted on May 22, 2001.  The
proceedings were not recorded by a court reporter.  The content of the court=s charge is detailed in the margin.[1]








Appellants
asked the court to disregard the jury=s
finding that the lawsuit was brought for an improper purpose because it was
rendered immaterial by other findings in Appellants=
favor.  They also argued that the
question as to Aimproper
purpose@ should
not have been submitted to the jury in the first place, that Appellees had no statutory or contractual basis to recover
attorney=s fees,
and that the fee award should be reduced. 
The trial court entered judgment that Appellees
recover $32,000 in reasonable and necessary attorney fees, less $10,000 which
the jury found to be Appellants=
future damages, for a total award of $22,000 together with post-judgment
interest and court costs.  This appeal
follows.  








THE RULE 11 AGREEMENT[2]

Appellants
bring four issues for review, complaining that the trial court erred in
refusing to disregard certain jury findings because they were immaterial, in
fatal conflict, and did not entitle  Appellees to
recover.  We are precluded from
addressing the merits of their claims. 

Chapter
154 of the Texas Civil Practice and Remedies Code addresses alternative
dispute resolution procedures, including mediation, mini‑trial,
moderated settlement conference, summary jury trial, and arbitration.  See generally Tex.Civ.Prac.&Rem.Code Ann. ''
154.001‑.073 (Vernon 1997 & Vernon Supp. 2002).  All of the methods of dispute resolution
contained within Chapter 154 are non-binding unless the parties agree
otherwise.  See id. '' 154.023‑.027;
Glazer=s
Wholesale Distributors, Inc. v. Heineken USA, Inc., No. 05-99-01695-CV,
2001 WL 727351, at *13 (Tex.App.--Dallas June 29,
2001, no pet. h.).  Such is the
case here. 

Pursuant
to the Rule 11 agreement, the summary jury trial was binding and the findings
of the jury and the judgment entered by the trial court were non-appealable.  Despite
Appellants= efforts
to avoid the effect of the jury=s
unfavorable findings, the Rule 11 agreement is valid and enforceable.  Indeed, Appellants offer no reason why the
agreement--which is hand-written, signed and filed with the papers as part of
the record of this case--should not be enforced.  While one of the Appellants, Chang Ski Lee,
was not a signatory, the agreement provides that A[t]he
parties signing hereto have authority to bind and act for all named parties to
the suit.@  Because Appellants have waived their right of
appeal, we affirm the judgment below. 
The assigned points of error are accordingly overruled.








MOTION FOR SANCTIONS

Appellees have requested that we impose sanctions against
Appellants for bringing a frivolous appeal. 
We are authorized to award a prevailing party just
damages if we determine that an appeal is frivolous:

If the court of
appeals determines that an appeal is frivolous, it may--on motion of any party
or on its own initiative, after notice and a reasonable opportunity for
response--award each prevailing party just damages.  In determining whether to award damages, the
court must not consider any matter that does not appear in the record, briefs,
or other papers filed in the court of appeals. 

 

Tex.R.App.P. 45.








Rule
45 became effective September 1, 1997 and replaced former Rule 84, thus
broadening the appellate courts=
ability to award sanctions.  Smith v. Brown, 51 S.W.3d 376, 380 (Tex.App.--Houston
[1st Dist.] 2001, pet. denied). 
Under the former rule, sanctions could be imposed Awhere the court of appeals shall
determine that an appellant has taken an appeal for delay and without
sufficient cause.@  Texas Dept. of Transp. v. Beckner, 74 S.W.3d
98, 105 (Tex.App.--Waco 2002, no pet.).  This language--requiring courts to find that
the appeal was taken in bad faith--is noticeably missing from the new
rule.  Several of our sister courts have
concluded that a showing of bad faith is no longer required.  Id.; Smith,
51 S.W.3d at 381; Mid-Continent Casualty Company v. Safe Tire Disposal
Corporation, 2 S.W.3d 393, 397 (Tex.App.--San
Antonio 1999, no pet.).  In Smith,
the court confessed that it had erroneously continued to impose a Abad faith@
requirement even after new Rule 45 took effect and specifically disavowed the
language employed in earlier cases.  Smith, 51 S.W.3d at 380, disavowing Fair Deal Auto Sales
v. Brantley, 24 S.W.3d 543, 547 (Tex.App.--Houston
[1st Dist.] 2000, no pet.)(overruling motion for sanctions because there
was Ano basis
for concluding [the appellant] had no reasonable ground to believe that the
judgment would be reversed, and brought the appeal in bad faith and solely to
delay payment@); Parker
v. State Farm Mutual Auto. Ins. Co., 4 S.W.3d 358, 364 (Tex.App.--Houston [1st
Dist.] 1999, no pet.)(holding that Athe
record must clearly show that [the appellant] had no reasonable expectation of
reversal, and that he did not pursue [the] appeal in good faith@ to award damages for a frivolous
appeal under Rule 45); Swate v. Crook,
991 S.W.2d 450, 455 (Tex.App.--Houston [1st Dist.]
1999, pet. denied)(holding damages for a frivolous appeal Awill be imposed only if the record
clearly shows the [appellant] has no reasonable expectation of reversal, and .
. . has not pursued the appeal in good faith@);
City of Houston v. Morua, 982 S.W.2d 126, 131
(Tex.App.--Houston [1st Dist.] 1998, no pet.)(holding that A[a]ppellate sanctions will be imposed only if the record
clearly shows the appellant has no reasonable expectation of reversal, and the
appellant has not pursued the appeal in good faith@).  In opinions pre-dating Beckner
and Smith, we have relied upon the Abad
faith@
standard.  See American Paging of
Texas, Inc. v. El Paso Paging, Inc., 9 S.W.3d 237, 240 (Tex.App.--El
Paso 1999, pet. denied); Faddoul, Glasheen & Valles, P.C., v.
Oaxaca, 52 S.W.3d 209, 213 (Tex.App.--El Paso
2001, no pet.).  Under either standard,
we believe sanctions are appropriate here.








We
must exercise prudence and caution and use careful deliberation in awarding
appellate sanctions.  Smith, 51 S.W.3d at 381. 
Although the imposition of sanctions is within our discretion, we may do
so only in circumstances that are truly egregious.  Angelou v. African
Overseas Union, 33 S.W.3d 269, 282 (Tex.App.--Houston
[14th Dist.] 2000, no pet.).  In
determining whether an appeal is objectively frivolous, we look at the record
from the viewpoint of the advocate and decide whether there are reasonable
grounds to believe the case could be reversed. 
Smith, 51 S.W.3d at 381; Mid-Continent,
2 S.W.3d at 397.  We agree with Appellees that this appeal has been brought without
reasonable grounds to believe that the judgment would be reversed.  Appellants have not even bothered to respond
to the motion.  This appeal is merely  an attempt to
circumvent a binding agreement and to delay collection of a non-appealable judgment. 
Consequently, from the record and briefs filed with this court, we
conclude the appeal is objectively frivolous. 


Left
for consideration is the amount of the sanction.  Recent commentators have observed that the
new measure of damages gives appellate courts Avirtually
unbridled discretion@
in assessing damages.  John Hill Cayce,
Jr., Anne Gardner, and Felicia Harris Kyle, Civil Appeals in Texas:
Practicing Under the New Rules of Appellate Procedure, Baylor L. Rev. 867, 1013 (1997).  Factors that appellate courts may consider in
arriving at a Ajust@ amount are attorney=s fees and damages caused by the delay
resulting from the frivolous appeal, and perhaps, the egregiousness of the
opposing party=s
conduct.  Id., citing Nagle v. Alspach, 8 F.3d 141, 145-46 (3d Cir. 1993)(under
Federal Rules of Appellate Procedure 38, which provides that Ajust damages@
may be imposed for frivolous appeals, court imposed $12,036 sanction based upon
affidavits of appellee filed in the appellate court
outlining costs and attorney=s
fees incurred as a result of the appeal). 
Bad faith may also be relevant to determine the amount of the sanction.  Beckner, 74 S.W.3d at 105; Smith, 51 S.W.3d at 381.








Appellees have, by affidavit filed with this court,
established damages of $7,693.36 incurred in defending this appeal.[3]  Appellants have not contested the affidavit
as to either form or substance.  While
Rule 45 does not provide a method for proving damages in the appellate court,
we believe proof by affidavit is proper and that the affidavit establishes just
and reasonable attorney=s
fees.  See Smith,
51 S.W.3d at 376 (where court accepted proof of damages by affidavit in the
amount of $5,000 in reasonable and necessary attorney=s
fees).  Moreover, A[b]ecause
affidavits are allowed for the purpose of supporting other appellate motions,
it is thought that affidavits may properly be used to support a request for
damages contained in a motion for sanctions, particularly when the damages
cannot be ascertained from the existing record.@  Cayce, Gardner & Kyle, Civil Appeals
in Texas: Practicing Under the New Rules of Appellate
Procedure, Baylor L. Rev.
(1997) at 1013-14, citing Tex.R.App.P. 10.2 (stating that a
motion must be supported by affidavit or other satisfactory evidence if the
facts in the motion are not in the record; not within the court=s knowledge; or within the personal
knowledge of the attorney signing the motion).

We
affirm the judgment below and impose sanctions against Appellants in the amount
of $7,693.36.

 

 

August 15, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  The jury
answered the special issues in the following manner:

 

QUESTION 1:

 

Do you find from a preponderance of the evidence that
the [Appellees] tortiously
interfered with the [Appellants=] relationship with its members and/or with its parent
organization, USTU?

 

.         
.          .

 

Answer >Yes= or >No=:

   No   

 

QUESTION 2: 

 

Do you find from a preponderance of the evidence that
[Appellees] slandered [Appellants]?

 

.         
.          .

 

Answer >Yes= or >No=:

   Yes   

 

QUESTION 3: 

 

Did [Appellees]
intentionally inflict severe emotional distress on [Appellants]?

 

.         
.          .

 

Answer >Yes= or >No=:

 

   No   

 

If you have answered >Yes= to Question 1, Question 2 and/or Question 3, then
answer the following question. 
Otherwise, do not answer the following question.

 

QUESTION 4: 

 

What sum of money, if any, if paid now in cash, would
fairly and reasonably compensate [Appellants] for damages, if any, proximately
caused by the [Appellees=] actions?

 

Do not add any amount for interest on damages, if any.

 

Answer in dollars and cents for damages, if any, that

 

were sustained in the
past:       0   
 

 

in reasonable probability

will be sustained in the

future:                                       $10,000  


 

QUESTION 5: 

 

Did the [Appellants] wrongfully deny the [Appellees] access to the financial books and records of the
Texas State Taekwondo Association?

 

Answer >Yes= or >No=:

 

   Yes   

 

QUESTION 6: 

 

Do you find that the [Appellants=] lawsuit against the [Appellees]
was brought for any improper purpose, including to harass or to cause
unnecessary delay or needless increase in the cost of litigation?

 

Answer >Yes= or >No=:

 

   Yes   

 

If you have answered >Yes= to Question 5 and/or Question 6, then answer the
following question.  Otherwise, do not
answer the following question.

 

QUESTION 7:

 

What is a reasonable fee for the necessary services of
the [Appellees=]
attorney in this case, stated in dollars and cents, for preparation and trial?

 

.         
.          .

 

Answer:     $32,000  






[2]  Rule 11
provides:  AUnless
otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be in writing, signed and
filed with the papers as part of the record, or unless it be made in open court
and entered of record.@  Tex.R.Civ.P. 11.





[3]  Attached to
the motion for sanctions is an affidavit by Appellees= attorney explaining that his appellate fees are
$7,437.25 and that he has incurred costs of $256.11.  The affidavit details services rendered as
more than forty-two hours of researching and briefing the issues presented by
Appellants on appeal at an hourly rate of $175.