In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00521-CV

_____

IN RE TEXAS ALLIANCE OF ENERGY, AKA TEXAS ALLIANCE OF ENERGY PRODUCERS WORKERS' COMPENSATION SELF-INSURED GROUP TRUST

_____

Original Proceeding

_____

MEMORANDUM OPINION

Relator, Texas Alliance of Energy a/k/a Texas Alliance of Energy Producers Workers' Compensation Self-Insured Group Trust, seeks mandamus relief from the exercise of jurisdiction by the 253rd District Court of Liberty County, Texas, in a suit filed by John Bennett. Relator contends the trial court improperly asserted jurisdiction over Bennett's extra-contractual claims, and that the trial court improperly resolved as a matter of law workers' compensation claims that were not first adjudicated administratively or that were not timely appealed. We conditionally grant the writ in part.

1

Background

Bennett sustained a compensable injury on August 30, 2006. In administrative proceedings before the Division of Workers' Compensation (DWC), a contested case hearing resulted in a decision that Bennett reached maximum medical improvement (MMI) on September 3, 2008, that Bennett's impairment rating was nineteen percent, and that he was not entitled to supplemental income benefits (SIBs) for compensable quarters one through six. The Appeals Panel notified the parties that the hearing officer's decision and order became final on July 18, 2011.

On September 2, 2011, Bennett filed suit for judicial review of the Appeals Panel's decision on the impairment rating and date of MMI.[1] In September 2011, Relator filed a plea to the jurisdiction alleging in part that Bennett failed to request relief from the Appeals Panel decision that he was not entitled to SIBs for the first through sixth compensable quarters. Bennett added a request for SIBs to his prayer for relief with a pleading filed on November 28, 2011. In 2013, Bennett amended his pleadings to allege claims for negligence and intentional infliction of emotional

---

[1]Bennett's original petition identified the defendant as "Texas Alliance of Energy Producers." The defendant's name varies in Bennett's subsequent pleadings, but Relator's filings in the trial court assert that it is the proper defendant.

distress.[2] In the pleading filed in 2013, Bennett's factual recitations include a statement that the Appeals Panel decision upholding the hearing officer's decision on MMI is incorrect because the actual impairment rating was twenty percent. The petition does not mention the Appeals Panel's decision on SIBs.

Relator filed a motion for summary judgment in which it contended Bennett had no judicial remedy for the extra-contractual claims asserted in his petition. *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446-56 (Tex. 2012); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001); *see also* Tex. Labor Code Ann. § 408.001(a) (West 2006). Regarding judicial review of the Appeals Panel's decision, Relator asserted that Bennett dropped his request for SIBs in one of the amended pleadings he filed with the trial court, and his attempted amendment of his petition to assert a claim for SIBs for the first quarter was not timely filed under the statute.[3] *See* Tex. Labor Code Ann. § 410.252(a) (West Supp. 2014). Relator

---

[2]In 2014, Bennett either filed or purported to file Plaintiff's Third Amended Petition, alleging Bennett's entitlement to SIBs for the first compensable quarter only and asserting claims for negligence and for intentional infliction of emotional distress. The third amended petition bears an incorrect cause number and Relator states that the trial court clerk's office does not have a record of the petition having been filed.

[3]In its motion for summary judgment Relator also asserted that it was entitled to judgment because Bennett originally sued the wrong defendant, that the correct defendant was not sued until November 28, 2011, and that a subsequent amendment to Bennett's pleadings again named the wrong defendant, effectively dismissing Relator from the suit. Relator contended it was entitled to judgment as a

asserted that the issue of its failure to request a benefit review hearing on SIBs for the first compensable quarter was not subject to judicial review because the issue had not been presented to the Appeals Panel.

Bennett filed a motion for summary judgment asserting that he was entitled to judgment as a matter of law because Relator failed to request a benefit review conference within ten days of the date the DWC issued a notice of entitlement to SIBs for the first quarter. In response, Relator asserted that, having allowed the issue of the first quarter of SIBs to be litigated before the Appeals Panel without objection, Bennett could not obtain judicial review of Relator's failure to exhaust its administrative remedies regarding the first quarter of SIBs.

The trial court granted Bennett's motion for summary judgment and ordered that Bennett is entitled to receive his benefits for compensable quarters one through six. The trial court denied Relator's motion for summary judgment and Relator's motion to sever Bennett's extra-contractual claims. The trial court has not disposed of all of the issues before that court.

---

matter of law because Bennett had no evidence that he timely filed suit against a proper defendant and further amendment would be barred by the statute of limitations. Relator does not press this argument in its mandamus petition, and we do not consider it here.

Issues

The issues in dispute in this mandamus proceeding concern whether Bennett exhausted his remedies at the administrative level and whether he properly pleaded his claims. Relator contends: (1) the trial court abused its discretion by asserting jurisdiction over Bennett's claims for extra-contractual damages allegedly arising out of the claims handling process; (2) Bennett failed to exhaust administrative remedies on his workers' compensation claims, with respect to the issue of entitlement to SIBs; and (3) Bennett failed to exhaust his administrative remedies with respect to the issue of whether Relator waived its right to contest the first compensable quarter of SIBs by failing to request a benefit review conference when the DWC issued its August 12, 2008 notice of entitlement to SIBs for the first quarter.

Only the DWC can determine entitlement to particular benefits. *See Ruttiger*, 381 S.W.3d at 437. When a claimant has failed to exhaust administrative remedies, the trial court's exercise of jurisdiction is "correctable by mandamus to prevent a disruption of the orderly processes of government." *See In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009). "If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to jurisdiction could be removed, then

5

the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *Fodge*, 63 S.W.3d at 805.

Judicial review of a workers' compensation case "is limited to issues decided by the appeals panel and on which judicial review is sought." Tex. Labor Code Ann. § 410.302(b) (West 2006). The DWC determined that Bennett reached statutory MMI with a nineteen percent impairment rating and that he was not entitled to SIBs for the first six compensable quarters, but Bennett challenged only the impairment rating in his original petition for judicial review. No claims-handling complaints were addressed by the Appeals Panel.[4] Because the trial court's subject-matter jurisdiction is limited to the issues addressed by the Appeals Panel, the trial court abused its discretion by denying Relator's plea to the jurisdiction as to Bennett's claims-handling complaints. *See Ruttiger*, 381 S.W.3d at 451-56; *Fodge*, 63 S.W.3d at 804; *Bean v. Tex. Mut. Ins. Co.*, 09-11-00123-CV, 2012 WL 5450826, at *2 (Tex. App.—Beaumont Nov. 8, 2012, no pet.) (mem. op.). We sustain issue one.

The Appeals Panel ruled that Bennett was not entitled to SIBs for compensable quarters one through six. Notwithstanding the Appeals Panel

---

[4]The Workers' Compensation Act addresses claims-handling abuses through a sanctions process that includes judicial review of administrative violations. *See* Tex. Labor Code Ann. §§ 415.001-.036 (West 2006 & Supp. 2014). Those procedures were not implemented in this case and are not at issue here.

decision, Relator argues that the record demonstrates that Bennett failed to exhaust his administrative remedies with regard to his right to SIBs. Relator claims Bennett's failure to exhaust occurred when he failed to specifically plead that he was challenging that ruling in his original petition, and again when he filed an amended petition that did not include allegations specifically requesting that he recover a judgment for SIBs.

Several of the Courts of Appeals have held the time limit for filing suit contained in section 410.252 of the Texas Labor Code is mandatory and jurisdictional. *See Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624 (Tex. App.—San Antonio 2009, no pet.); *Texas Mun. League v. Burns*, 209 S.W.3d 806, 812 (Tex. App.—Fort Worth 2006, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied). Here, it is undisputed that Bennett filed suit within forty-five days of the date on which the DWC mailed the notice of its decision. *See* Tex. Labor Code Ann. § 410.252(a). He complied with section 410.252(a).

For its jurisdictional argument, Relator relies upon section 410.302(b) of the Texas Labor Code. *See id.* § 410.302(b). The issues that may be determined by the trial court are limited to issues decided by the Appeals Panel. *Id.* "The pleadings

must specifically set forth the determinations of the appeals panel by which the party is aggrieved." *Id*. Section 410.302(b) defines the scope of the issues that may be judicially reviewed after an appeals panel decision but the pleading requirement is not itself jurisdictional. *Old Republic Ins. Co. v. Warren*, 33 S.W.3d 428, 432 (Tex. App.—Fort Worth 2000, pet. denied).

Because courts presume in favor of jurisdiction, unless the petition affirmatively demonstrates a lack of jurisdiction, the trial court will assume jurisdiction until it is proven otherwise. *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex.1989); *see also Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 104 (Tex. App.—Waco 2002, no pet.). Relator suggests Bennett's live pleading is his Second Amended Petition, and argues that pleading exclusively presented claims-handling complaints over which the trial court lacks subject matter jurisdiction. Bennett's pleadings are somewhat confusing, and from the mandamus record it is unclear which petition is Bennett's live pleading. The trial court did not abuse its discretion in denying Relator's plea to the jurisdiction as it relates to Bennett's claim for SIBs.[5] The trial court may require Bennett to amend

_____

[5]This is an original mandamus proceeding limited to the trial court's subject matter jurisdiction. Except where the trial court's subject matter jurisdiction is implicated, we express no opinion regarding the motions for summary judgment, the responses to the motions and the objections to the summary judgment evidence, or the trial court's rulings on the motions for summary judgment.

his pleadings to comply with section 410.302(b) of the Texas Labor Code. *See Beckner,* 74 S.W.3d at 104. The mandamus record does not establish that Bennett affirmatively pleaded himself out of court with regard to his appeal of the Appeals Panel's decision that he is not entitled to SIBs for compensable quarters one through six. We overrule issue two.

Relator contends that the trial court abused its discretion in exercising jurisdiction over the issue of whether Relator exhausted its administrative remedies regarding Bennett's entitlement to SIBs for the first quarter. The trial court's subject matter jurisdiction is limited to issues decided by the Appeals Panel. *See* Tex. Labor Code Ann. § 410.302(b). A trial court lacks subject-matter jurisdiction over any issue that was not properly presented to the Appeals Panel. *Frank v. Liberty Ins. Corp.*, 255 S.W.3d 314, 320 (Tex. App.—Austin 2008, pet. denied). The trial court cannot consider an issue of waiver that was not presented for consideration in the administrative review process. *Zurich Am. Ins. Co. v. Debose*, No. 01-13-00344-CV, 2014 WL 3512769, at *7 (Tex. App.—Houston [1st Dist.] July 15, 2014, no pet.) (mem. op.). The mandamus record does not indicate that the Appeals Panel considered whether Relator waived its right to challenge the first quarter SIBs either in the contested case hearing or the Appeals Panel because it failed to request a benefit review conference after a notice of entitlement to SIBs

for the first quarter issued on August 12, 2008. In the absence of evidence demonstrating that the Appeals Panel considered the issue of waiver, the trial court abused its discretion by considering an issue that was not presented to the Appeals Panel. *Id.* We sustain issue three.

## Conclusion

The mandamus record demonstrates that the trial court failed to limit itself to issues considered by the Appeals Panel. *See* Tex. Labor Code Ann. § 410.302(b). Bennett exhausted his administrative remedies with regard to his entitlement to SIBs, however, and Relator has not demonstrated that the trial court could not exercise jurisdiction over a properly pleaded dispute concerning SIBs. If the impediment to jurisdiction could be removed, then the trial court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured. *See Fodge*, 63 S.W.3d at 805.

We are confident that the trial court will reconsider its rulings in light of this opinion, and that after giving the plaintiff an opportunity to replead, the trial court will grant a plea to the jurisdiction as to any issues that were not brought before the Appeals Panel. The writ of mandamus shall issue only if the trial court fails to comply within a reasonable time.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on December 17, 2014
Opinion Delivered January 22, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.