**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Dorothy ARMSTRONG, Appellee.**

**No. 01–88–00775–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 6, 1989.

Joe R. Blackburn, Blackburn, Geddie & Henderson, Houston, for appellant.

Bruce W. Bain, Stephens and Clark (Maurice Lehman, of counsel), Houston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from the entry of judgment on a jury verdict in a worker's compensation case in favor of the employee/appellee, Dorothy Armstrong. Appellant, Texas Employers Insurance Association ("TEIA"), asserts a single point of error on appeal.

The case is before us without a timely filed statement of facts. The statement of facts was initially due to be filed in this Court on August 30, 1988. TEIA filed, and this Court granted, a motion to extend time to file the statement of facts until September 25, 1988. September 25th passed, and appellant filed neither the statement of facts nor a second motion to extend the time for filing within 15 days after that date, the last day for filing, as required by Tex.R.App.P. 54(c). *B.D. Click v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982).

A copy of the statement of facts was filed in the Harris County District Clerk's Office on September 14, 1988. However, "it is the appellant's duty to cause the statement of facts to be filed with the Clerk of the Court of Appeals," Tex.R. App.P. 53(k), not with the District Clerk. This Court lacked authority to grant appellant's second motion for extension, filed October 18, 1988, and we accordingly overruled the motion on November 10, 1988. *See Snead v. Texas State Bd. of Medical Examiners,* 753 S.W.2d 809 (Tex.App.—Austin 1988, no writ). The transcript is the only record of the trial court proceedings available for our review. Tex.R.App.P. 53(a).

By its sole point of error, appellant urges that the trial court erred in denying its motion to introduce insurance claim forms, specifically, "Defendant's Exhibit 7."

■ Appellant's argument is predicated on facts that are not before us. Because no statement of facts is brought forward on appeal, we must presume that sufficient evidence was introduced to support the judgment. *Alexander v. Barlow,* 671 S.W.2d 531 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Moreover, because the record contains no statement of facts, every presumption supported by the record must be indulged in favor of the judgment. *Meyer v. Worden,* 530 S.W.2d 904 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). TEIA's point of error is overruled.

■ When TEIA filed its second—and untimely—motion for extension of time within which to file the statement of facts, appellee filed her opposition, correctly pointing out that TEIA's motion was filed after the allowable grace period and that this Court lacked authority to allow the late filing under the settled law of *B.D. Click v. Safari Drilling Corp.,* 638 S.W.2d at 862. On the authority of Tex.R.App.P. 84 (Vernon 1989), she asserted then, and in her appellate brief and argument reasserts now, her motion for damages because of TEIA's continued pursuit of a frivolous appeal.

Rule 84 states, in pertinent part:

In civil cases where the court shall determine that an appeal ... has been taken for delay and without sufficient cause, then the appellate court may, as part of its judgment, award each prevailing appellee ... an amount not to exceed ten percent of the amount of damages awarded against such appellant....

Using the two-part test stated in Rule 84, this Court may assess damages for a frivolous appeal if we determine that TEIA had no sufficient cause for taking the appeal and the appeal was taken solely for delay. *Rodriguez v. Rubin,* 731 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). *See A.T. Lowry Toyota Inc. v. Peters,* 727 S.W.2d 307, 309 (Tex.App.—Houston [1st Dist.] 1987, no writ).

In *Bullock v. Sage Energy Co.,* 728 S.W.2d 465, 469 (Tex.App.—Austin 1987, writ ref'd n.r.e.), the court assessed a penalty against the Comptroller for a frivolous appeal when the Comptroller "turned a blind eye" to an earlier case which settled the issue on appeal. TEIA has here "turned a blind eye" to *B.D. Click v. Safari,* 638 S.W.2d at 862, which holds that appellate courts will not consider any evidence in a late-filed statement of facts. *See also Khatib v. Miloud,* 701 S.W.2d 948, 949 (Tex.App.—Fort Worth 1986, no writ).

On oral submission, the appellant's counsel conceded there is no statement of facts, bill of exceptions, or trial testimony to demonstrate what evidence was admitted or refused during trial, and that this Court is unable to determine if error occurred. *Cook v. Goodyear Serv. Store,* 624 S.W.2d 761 (Tex.App.—Houston [14th Dist.] 1981, no writ). He argued orally that the appeal is not frivolous because it is the only mechanism available to TEIA to test the rule of *B.D. Click v. Safari Drilling Corp.,* 638 S.W.2d at 862, as applied to this case. However, appellant made no effort to preserve or present any claim of error on this subject in its appellate brief.

Armstrong's motion for expedited hearing of the appeal under Tex.R.App.P. 42(b), urges, and the final judgment included in the transcript shows, that the appeal concerns injuries sustained in 1985, and that she has been paid no part of the $30,874.18

accrued past compensation benefits (144 weeks at $203.00 per week, together with 4% interest compounded annually) awarded her. Neither has she received any part of the $45,982 lump sum total permanent disability future compensation benefits (257 weeks at $203 per week, discounted at the rate of 4% compounded annually) awarded her in the judgment. On such a state of record, it must be presumed that the frivolous appeal has caused harm to the claimant. The pursuit of appeal in such a state of record shows a "conscious indifference to settled rules of law" and "raises an inference that the appeal was taken for delay." *Bullock v. Sage Energy Co.*, 728 S.W.2d at 467. We therefore assess a penalty of 10% as authorized by Rule 84.

The judgment is affirmed, with $7,685.62 additional damages (10% of the $76,856.18 original judgment award) awarded by this Court to Armstrong.