CARSTAR COLLISION, INC., d/b/a Carstar Collision and Repair Center, Appellant,

v.

MERCURY FINANCE COMPANY, Appellee.

No. 01–97–00896–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1999.

Publication Ordered July 20, 1999.

James Hugh Westmoreland, Stacy Lynne Keaton, Houston, for Appellant.

Richard L. Abrams, Abrams & Gross, Houston, for Appellee.

Panel consists of Justices MIRABAL, O'CONNOR and NUCHIA.

## OPINION

MIRABAL, Justice.

This is an appeal from a post-answer default judgment. We reverse and remand.

Carstar Collision, Inc. and Mercury Finance Company had competing security interests in an automobile. Mercury sued Carstar for possession of the car, and Carstar filed a counterclaim for conversion, alleging Mercury had constructively converted the vehicle by improperly placing a restraint on the title.

The trial court ordered Carstar to deliver the car to Mercury so that it could be sold and the proceeds deposited into the registry of the court. Mercury received the car and sold it, but Mercury retained the proceeds. Several months later, Carstar asked the court to set a hearing date to consider imposing sanctions against Mercury for its failure to deposit the sale proceeds into the registry of the court. The hearing was set, but when it was discovered that Mercury did not receive notice of the hearing, the parties agreed to a new setting. The docket indicates the second setting was passed.

A few months later, and allegedly in response to a court notice that the cause would be dismissed for want of prosecution, Carstar requested a trial setting to maintain its counterclaim on the docket. The court issued notice and set the case for trial.

Carstar did not appear for trial, and the trial court entered a judgment that: 1) defendant Carstar take nothing by its counterclaim, and 2) plaintiff Mercury is granted a default judgment, including punitive damages, against Carstar.

In issue three, Carstar asserts the case should be remanded for a new trial because no record was made of the post-answer default judgment proceedings. Carstar requested a reporter's record of

the default proceeding and discovered that the court reporter, although present at the hearing, was not requested to record any testimony, and therefore no record was made.

 If an appellant exercises due diligence and through no fault of its own is unable to obtain a proper record of the evidence introduced, a new trial may be required where the right to have the case reviewed on appeal can be preserved in no other way. *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972); *Mountain Corp. v. Rose,* 737 S.W.2d 22, 24 (Tex. App.—El Paso 1987, writ denied). Carstar argues that without a reporter's record, the sufficiency of the evidence to support the judgment cannot be assessed.

■ If a defendant has both an answer on the merits and a counterclaim on file, failure to appear at trial does not constitute an abandonment of its pleadings. *Wiseman v. Levinthal,* 821 S.W.2d 439, 441 (Tex.App.—Houston [1st Dist] 1991, no writ); *Hall v. C–F Employees Credit Union,* 536 S.W.2d 266, 268 (Tex. App.—Texarkana 1976, no writ). In such an event, the plaintiff is not entitled to a judgment on the pleadings and must proceed to trial and prove its case. *Wiseman,* 821 S.W.2d at 441; *Hall,* 536 S.W.2d at 268; *see also Morgan Express, Inc. v. Elizabeth–Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.App.—Dallas 1975, writ ref'd). If the judgment is rendered after presentation of evidence to the court in the absence of the appellant and his attorney, the failure to have the court reporter present to make a record constitutes reversible error. *Hall,* 536 S.W.2d at 268; *Morgan,* 525 S.W.2d at 314–15. Such an error is not harmless because, without a reporter's record, this Court is unable to determine if sufficient evidence was submitted to support the judgment. *Id.*

Mercury cites *Texas Employers' Ins. Ass'n v. Armstrong,* arguing that we should presume the evidence supports the trial court's judgment. 774 S.W.2d 755, 756 (Tex.App.—Houston [1st Dist.] 1989, no writ). However, in *Armstrong,* a record of the hearing was made, and the appellant simply failed to present it to us for our review. *Id.* In that situation, we presumed sufficient evidence was introduced to support the judgment. *Id.* In this case, no record of the hearing was made.

We sustain Carstar's third issue. In light of this ruling, it is not necessary to reach the merits of the other issues presented by Carstar, and we decline to do so.

We reverse the judgment and remand the case to the trial court for further proceedings.