Opinion issued June 6, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00745-CV

____________


JOHN F. BASS, Appellant


V.


REBECCA D. BASS, Appellee






On Appeal from the 328th District Court 

Fort Bend County, Texas

Trial Court Cause No. 99,675 






OPINION ON MOTION FOR REHEARING

 On July 5, 2001, this Court issued its opinion reversing the judgment of the
trial court in its entirety and remanding the cause for a new trial. Appellee, Rebecca
D. Bass (Wife), has filed a motion for rehearing, asserting that (1) this Court should
not have reversed the portion of the final decree of divorce that dissolved the
marriage of the parties, and (2) equitable grounds existed for requiring appellant,
John H. Bass (Husband), to pay all costs associated with the appeal, despite his
having prevailed in the appeal. Husband responded by arguing that his notice of
appeal put the entire divorce decree in dispute and his brief on appeal sought reversal
of the entire default decree. Concerning our allocation of costs, Husband argued that
he prevailed in the appeal and should not have to pay costs on that basis. He also
argued that, because error must be shown on the face of the record in a restricted
appeal, he had to provide a complete record of all proceedings in the trial court to
avoid any inference that omitted portions of the record supported the trial court's
ruling.

 The Court has reviewed the briefs and the record, and concludes that it erred 
in reversing the portion of the trial court's judgment dissolving the marriage, which
occurred when the Court reversed the trial court's judgment in its entirety. Husband
did not complain about the dissolution of the marriage on appeal. (1) It is axiomatic that
a court of appeals may not reverse a trial court's judgment without properly assigned
error. See Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998). It follows, as
a corollary to that rule, that we may not reverse an entire judgment when an appellant
challenges only a portion of that judgment. The Court concludes, however, that it did
not err in allocating all costs of the appeal against Wife. 

 Accordingly, we grant the motion for rehearing in part and deny it in part. The
Court sets aside, vacates, and withdraws its opinion of July 5, 2001 and replaces it
with the following. The Court's judgment of July 5, 2001 is also set aside, vacated,
and withdrawn.

 Husband brings this restricted appeal to challenge a final decree entered by
default on the new trial of his divorce and property-division case. The trial court
ordered the new trial on Wife's motion, after vacating the parties' original, agreed
decree. We address our jurisdiction to consider this case by restricted appeal, taking
into consideration circumstances suggesting that Husband deliberately chose not to
participate in the proceeding below. We also address whether the decree must be
reversed, for error on the face of the record, on the grounds there is no reporter's
record from which the sufficiency of the evidence may be determined. We reverse
and remand for a new trial. 




Procedural Background

 Husband and Wife had been married eight years when Wife sued to dissolve
the marriage and partition their marital estate. (2) Husband counterclaimed for the same
relief. After significant discovery, a series of interim orders, and an amended petition
by Wife in which she alleged and sought damages for several intentional torts, the
parties appeared before the trial court on February 23, 1999. In person and through
their attorneys of record, they acknowledged their proposed, agreed decree. This
agreed decree reflected Husband's and Wife's agreement to dissolve the marriage and
divide their property, and to file inventories and complete obligations relating to their
property by specified deadlines.

 The trial court had not yet signed the agreed decree when Wife moved for a
new trial on April 14, 1999. She claimed Husband had neither filed his sworn
inventory nor paid her $50,000, as required by their agreement. The trial court
nevertheless signed the original, agreed decree on April 15, 1999.

 On May 14, 1999, Wife moved to enforce the original decree and again moved
for a new trial, claiming Husband had not met additional obligations under the April
15, 1999 agreed decree. On the same day Wife filed her motions, the trial court
signed the notice of hearing accompanying Wife's motion for new trial, and set the
motion for a June 7, 1999 hearing. On June 7, 1999, the trial court signed an order
granting Wife a new trial. 

 On September 2, 1999, Husband's trial counsel, Bruce R. Steffler, filed a
motion to withdraw from representing Husband. As required by Rule 10 of the Rules
of Civil Procedure, (3) the motion recited notice to Husband, dated August 31, 1999, at
the last known, Katy, Texas, address stated in the motion, that the case was reset for
trial on September 8, 1999. Steffler's motion stated: (1) he could not communicate
with Husband "in a manner consistent with good attorney-client relations," and (2)
Husband no longer wished to retain him. Steffler attached to the motion a letter, in
the form of a memorandum, apparently sent by telecopier to Steffler from Husband's
son by a previous marriage. The transmission, dated June 4, 1999, stated: 

 I recently talked with my father who asked
me to send you this letter in [sic] his
behalf.


 John Bass - "I have recently retired to
Central America, and as a result, I have no
further use for your legal representation,
effective immediately. Please cancel our
contract for legal representation. Thank
you for your services." 


 Sincerely,


 John F. Bass

 [signature of David P. Bass]

 David P. Bass

 Signed for John Bass


The trial court granted Steffler's motion to withdraw at the September 8, 1999 trial
setting. In granting the motion, the trial court entered a finding of Husband's last
known address in Katy, Texas, and required that any notices be delivered to Husband
at that address, either by personal service or both certified and regular first class mail. 
On the same day, the trial court conducted a bench trial and entered a new decree that
the trial court signed on December 21, 1999.

 Husband challenges the decree of December 21, 1999 by restricted appeal. As
recited in the decree, Husband did not appear, although "duly and properly cited." 
The trial court awarded virtually all of the marital property to Wife; declared void an
agreement Husband and Wife had signed on June 16, 1989 in contemplation of their
marriage; and awarded Wife damages and attorney's fees. It is undisputed Husband
timely requested a reporter's record of the trial of Wife's damages and attorney's fees. 
Yet, the official court reporter of the trial court and the official court reporter of the
newly created 387th District Court, to which certain cases from the trial court had
been transferred, both certified they were not present at, and took no record of, any
evidentiary hearing resulting in the default decree.

Restricted Appeal


 A restricted appeal, formerly known as an appeal by writ of error, provides the
same scope of review as an ordinary appeal, with certain restrictions. See Tex. R.
App. P. 30; Norman Communications, Inc. v. Texas Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997) (writ of error); Barker CATV Constr., Inc. v. Ampro, Inc., 989
S.W.2d 789, 791 n.1 (Tex. App.--Houston [1st Dist.] 1999, no pet.). In contrast to
an ordinary appeal, a direct attack by restricted appeal affords no presumptions in
support of the judgment challenged. See Chase Bank v. Harris County Water Control
& Improvement Dist. No. 109, 36 S.W.3d 654, 655 (Tex. App.--Houston [1st Dist.]
2000, no pet.) (rejecting, as inapplicable in direct attack by writ of error, contention
that court of appeals must presume the evidence before the trial court was sufficient
to support the challenged judgment); Morgan Express, Inc. v. Elizabeth Perkins, Inc.,
525 S.W.2d 312, 315 (Tex. Civ. App.--Dallas 1975, writ ref'd) (4) (holding same, on
rehearing of opinion applying presumption); . 

 To obtain reversal of an underlying judgment by restricted appeal, a party must
satisfy the following elements: (1) a notice of restricted appeal must be filed within
six months after the judgment was signed; (2) by a party to the lawsuit; (3) who
neither participated in the hearing that resulted in the judgment of which the party
complains nor filed a timely post-judgment motion; and (4) error must be apparent
on the face of the record. See Tex. R. App. P. 26.1(c), 30; Barker CATV Constr., Inc.,
989 S.W.2d at 791. 

 Husband is a party to the judgment and filed his notice of restricted appeal
within the six months after the decree was signed. Thus, he has met the first two
requirements. 

A. Jurisdiction - Deliberate Lack of Participation

 As set forth above, three days before the hearing set for Wife's motion for new
trial, Husband informed his attorney he had retired to Central America, no longer
needed the attorney's services, and canceled their contract. The attorney's motion to
withdraw dated August 31, 1999, provided notice to Husband, and at his last known
address, that the trial court had granted a new trial, and set it for September 8, 1999. 
Husband clearly participated in the first trial and did not proceed voluntarily pro se
until Wife's motion for new trial. Moreover, Husband's attorney's motion to
withdraw notified him that the new trial was set for September 8, 1999, and the
attorney was not ordered withdrawn until the new trial setting. While these
circumstances suggest Husband deliberately disregarded the trial setting, he claims
he met the lack-of-participation requirement under Texaco, Inc. v. Central Power &
Light Co., 925 S.W.2d 586, 589-90 (Tex. 1996). Husband claims Texaco, Inc.
entitles him to a new trial even "if [his] failure to appear at trial was intentional." 
Wife acknowledges the Texaco, Inc. holding, but questions it.

 We have no jurisdiction to consider Husband's claims by restricted appeal
unless he satisfies the lack-of-participation requirement. See Texaco, Inc., 925
S.W.2d at 589 (addressing extent of participation that will preclude writ of error);
Bisby v. Dow Chem. Co., 931 S.W.2d 18, 20 (Tex. App.--Houston [1st Dist.] 1996,
no writ) (writ of error); see also Tex. R. App. P. 30 (defining non-participation
requirement as "[a] party who did not participate--either in person or through
counsel--in the hearing that resulted in the judgment complained of" and did not
timely file a postjudgment motion, request for findings of fact or conclusions of law,
or an ordinary notice of appeal). 

 The dispositive inquiry is whether the challenger participated in "the decision-making event" that resulted in a judgment adjudicating his rights. See Texaco, Inc.,
925 S.W.2d at 589. (5) Participation is thus a matter of degree, id., and is to be liberally
construed in favor of the right to appeal. See Stubbs v. Stubbs, 685 S.W.2d 643-45
(Tex. 1985) (writ of error). In construing the lack-of-participation requirement in
Texaco, Inc., the supreme court quoted the following excerpt from Stubbs: 

 In Stubbs, the appellant signed a waiver of citation and an
agreement incident to divorce, thereby deliberately
foregoing participation at trial. We held that she was
entitled to an appeal by writ of error, a holding which
illustrates that it is the fact of nonparticipation, not the
reason for it, that determines the right to appeal by writ of
error.


Texaco Inc., 925 S.W.2d at 590 (citations omitted; bolded emphasis added; italicized
emphasis in original). 

 The "decision-making event" that resulted in a judgment adjudicating
Husband's rights was the "actual trial" on September 8, 1999. See id. at 589. 
However deliberately or intentionally, Husband did not participate in that event,
either in person or through counsel. Constrained by Texaco, Inc., we hold that
Husband has met the lack-of-participation requirement and therefore conclude we
have jurisdiction to consider his restricted appeal. Accordingly, we next consider
whether the face of the record discloses error. 

B. Error on the Face of the Record--No Record 

 Appellant has the burden to demonstrate error on the face of the record, which
must disclose the invalidity of the judgment. See Norman Communications, Inc., 955
S.W.2d at 270; Stubbs, 685 S.W.2d at 645; Wilson v. Industrial Leasing Corp., 689
S.W.2d 496, 497 (Tex. App.--Houston [1st Dist.] 1985, no writ). The record in a
restricted appeal includes all papers filed in the trial court when it rendered the
challenged judgment. Barker CATV Const., Inc., 989 S.W.2d at 794. The record also
includes the reporter's record of the trial or hearing, if any. Norman
Communications, Inc., 955 S.W.2d at 270. As addressed above, no reporter's record
is available. 

 In his second issue, Husband contends the December 21, 1999 decree must be
set aside and a new trial ordered because the face of the record reflects the trial court
granted the divorce and division-of-property decree on a default basis, but did not
create a record supporting the relief granted Wife for her unliquidated claims. 


 Because Husband participated fully in the first trial and resulting original,
agreed decree of April 15, 1999, the decree challenged here is a post-answer default
judgment. See Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). In the 
post-answer, in contrast to the no-answer, default context, the appealing party is not
held to have admitted the facts pled by his opponent, nor conceded the opponent's
claims. See id.; Carstar Collision, Inc. v. Mercury Fin. Co., 23 S.W.3d 368, 370
(Tex. App.--Houston [1st Dist.] 1999, pet. denied). Accordingly, when, as here, the
challenged judgment awards damages for unliquidated claims, the prevailing party,
Wife, must proceed to trial and offer evidence to prove her case. See Tex. R. Civ. P.
243; Bradley Motors, Inc. v. Mackey, 878 S.W.2d 140, 141 (Tex. 1994); Carstar
Collision, Inc., 23 S.W.3d at 370; Morgan Express, Inc., 525 S.W.2d at 314. 

 The trial court awarded Wife $4,650,000 in damages and $50,000 in attorney's
fees, but there is no reporter's record of the evidence supporting these awards. This
Court has held that a default judgment must be reversed for a new trial when: (1) the
default is rendered on evidence presented to the trial court; (2) without the presence
of the losing party and his counsel; and (3) the trial court does not ensure the
challenger's right to review that evidence by having the court reporter present to
record the proceedings. See Chase Bank, 36 S.W.3d at 656; Carstar Collision, Inc.,
23 S.W.3d at 370. In Carstar Collision, Inc., as here, the appealing party learned a
reporter's record was not available after requesting a reporter's record for the appeal. 
See Carstar Collision, Inc., 23 S.W.3d at 370. 

 Chase Bank arose in the same procedural context as this case, a restricted
appeal, see 36 S.W.2d at 655, while Carstar Collision, Inc., was an ordinary appeal
of a post-answer default judgment. See 23 S.W.3d at 369. In extending the holding
of Carstar Collision, Inc., to the restricted appeal context, Chase Bank relied on
Smith v. Smith, 544 S.W.2d 121 (Tex. 1976). See Chase Bank, 36 S.W.2d at 656.

 Smith was a writ-of-error case that also challenged a post-answer default
judgment. See Smith, 544 S.W.2d at 122. In Smith, as here, the post-answer
defaulting party claimed error on the face of the record due to inability to obtain a
transcription of the evidence introduced at the divorce hearing. Id. The supreme
court agreed this constituted error on the face of the record and ruled a retrial of the
case was the only means to ensure the post-answer defaulting party's right to review. 
Id. at 123. In Smith, as in Texaco, Inc., the supreme court rejected, as inconsistent
with writ-of-error (now restricted-appeal) practice, the appealing party's reliance on
equitable considerations similar to those Wife raises here. See Smith, 544 S.W.2d at
122-23; Texaco, Inc., 925 S.W.2d at 590. In accordance with Smith and Chase Bank,
we conclude Husband has established error on the face of the record due to his
inability to obtain a reporter's record of the evidence submitted to the trial court in
support of Wife's claims of unliquidated damages. 

 We sustain Husband's second issue. 

 Having concluded Husband has established error on the face of the record, we
need not address his remaining issues, in which he raises alternative theories of error
on the face of the record: (1) that the decree awarded damages for a nonexistent tort;
(2) that the decree awarded attorney's fees as a form of spousal support; and (3) that
the property division was not just and right. 


Conclusion


 We reverse the judgment of the trial court, with the exception of paragraph 5,
that dissolves the marriage. We remand the cause for a new trial, except on the issue
of dissolution of the marriage that is final by virtue of having not been challenged on
appeal.


 


 Tim Taft


 Justice


Panel consists of Justices Taft, Wilson, (6) and Price. (7)


Do not publish. Tex. R. App. P. 47.
1. Although the concluding prayer of Husband's brief asked this Court to "reverse
that one certain final decree of divorce entered on December 21, 1999," the
brief contained no issues that challenged either the dissolution of the marriage
itself or the grounds for the dissolution. In pertinent part, appellant's notice of
appeal states: "This appeal is a restricted appeal from a Final Decree of
Divorce which was rendered on a default basis on December 21, 1999. June
21, 2000 marks the expiration of 6 months from the date of the entry of the
December 21, 1999 Final Decree of Divorce. It is the property division,
permanent injunctions, monetary damage judgments and post-divorce alimony
contained in the Final Decree of Divorce which is being appealed." 
(Emphasis added.)
2. No children were born of this marriage.
3. Tex. R. Civ. P. 10.
4. The Texas Supreme Court refused writ of error with the notation "Refused,"
thus permitting the remand for new trial ordered by the Dallas Court of
Appeals. See 19 Tex. Sup. Ct. J. 3 (October 4, 1975). An additional opinion
followed the remand. Morgan Express, Inc. v. Elizabeth-Perkins, Inc., 525
S.W.2d 312 (Tex. Civ. App.--Dallas, 1977, no writ). 
5. The San Antonio Court of Appeals had dismissed for want of jurisdiction,
holding that Texaco could not appeal by writ of error because that method of
review was not intended to protect parties who "deliberately choose not to
participate" in the judicial process. See Texaco, Inc. v. Central Power & Light
Co., 897 S.W.2d 854, 863 (Tex. App.--San Antonio 1995), rev'd, 925 S.W.2d
591 (Tex. 1996) (emphasis and supporting citations omitted). In rejecting this
holding, the supreme court repudiated cases that "erroneously presuppose" an
equitable component to appeal by writ of error. 925 S.W.2d at 590. 
6. The Honorable Davie L. Wilson, who retired on March 31, 2002, continues to
sit by assignment for the disposition of this motion for rehearing which was
filed on July 20, 2001.
7. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.