In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01110-CV
____________

BEST BUY RV, INC. AND JERRY EVANS, Appellants

V.

JAMES AND MARTHA GALLOWAY, Appellees



On Appeal from the County Court at Law No. 1 
Harris County, Texas
Trial Court Cause No. 740229



MEMORANDUM OPINION
          This is a post-answer default judgment case. We reverse and remand.
Background
          Defendants/appellants, Best Buy RV, Inc. and Jerry Evans, filed a general
denial, but failed to appear for trial. After a bench trial, the trial court rendered a
post-answer default judgment and awarded $183,849.99 to plaintiffs/appellees, James
and Martha Galloway. This Court received an affidavit from the official court
reporter, stating that there is no reporter’s record of the trial.
          Defendants contend that the evidence is legally and factually insufficient to
support the award of damages, the court’s finding against defendants on their
affirmative defense of limitations, and the capacity of defendant Evans to be held
personally liable. Defendants request this Court to reverse and remand for a new
trial, arguing that they are entitled to a new trial because the court reporter did not
furnish a reporter’s record.
Post-Answer Default JudgmentThe default judgment in this case was a post-answer default judgment, as
opposed to a no-answer default judgment. See Stoner v. Thompson, 578 S.W.2d 679,
682 (Tex. 1979). Unlike a no-answer default judgment, in a post-answer default
judgment, it cannot be said that the non-answering party has admitted the facts pled
and the justice of the opponent’s claim. Id. “A post-answer ‘default’ constitutes
neither an abandonment of defendant’s answer nor an implied confession of any
issues thus joined by the defendant’s answer. Judgment cannot be entered on the
pleadings, but the plaintiff in such a case must offer evidence and prove his case as
in a judgment upon a trial.” Id. 
          This Court addressed the issue in the post-answer default judgment case of
Carstar Collision v. Mercury Finance, 23 S.W.3d 368 (Tex. App.—Houston [1st
Dist.] 1999, pet. denied). In Carstar, the court reporter, although present at the
hearing, was not requested to record any testimony, and therefore, no record was
made. Id. at 369-70. We held that, “[i]f the judgment is rendered after presentation
of evidence to the court in the absence of the appellant and his attorney, the failure
to have the court reporter present to make a record constitutes reversible error.” Id.
at 370. Further, “[s]uch error is not harmless because, without a reporter’s record,
this Court is unable to determine if sufficient evidence was submitted to support the
judgment.” Id. 
          Based on Carstar, we hold that this case must be reversed and remanded for
a new trial because there was no reporter’s record of the post-answer default
judgment. 
Conclusion
          We reverse the judgment of the trial court and remand the cause for a new trial. 

 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.