NO. 07-05-0223-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 5, 2007
______________________________

IN THE INTEREST OF N.W.S., M.K.S. AND W.R.S., CHILDREN
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 90-531,435; HONORABLE DAVID GLEASON, JUDGE



_______________________________


Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.



MEMORANDUM OPINION
          Chester Wayne Sullivan appeals an order holding him in contempt for failure to pay
child support and denial of his motion seeking credit for excess payments. We affirm.
          The marriage of Chester and Nancy Sullivan was terminated by a 1993 divorce
decree. That decree required Chester to pay $500 per month as support for the three
children of the marriage. A May 1998 modification order increased Chester’s monthly
support obligation to $565 and directed Nancy to obtain medical insurance coverage for
each child. It also provided: 
As additional support, the Court ORDERS [Chester] to pay one-half of the
medical insurance premiums paid by [Nancy] on behalf of the children. The
Court finds that at the time of this hearing one-half of the medical insurance
premium for the children is $126.13 per month. Said monthly payments shall
be made at the same time and in the same manner as the regular child
support payments and shall begin on January 1, 1998, and shall continue for
as long as any child receives medical insurance coverage through [Nancy].
The order directed Nancy to inform Chester “of any changes in the children’s medical
insurance premium within ten days of the change” and provided that Chester “shall begin
paying the modified amount of medical insurance premium reimbursement on the first day
of the month following receipt of notification of the change.” 
          At the time of the 1998 order Nancy worked for Mitchell County. It is undisputed she
left that job in November or December 1998 and the children’s medical insurance through
that employer ended. Nancy worked for four other employers through the final hearing in
this action. At that hearing she asserted she provided medical insurance for the children
through each employer but she did not notify Chester of any changes in the medical
insurance premiums. Chester continued to pay the same amount for medical insurance
through June 2002. That month he reduced his support payments to the base amount due
for the one child remaining under 18. Two income tax refunds with a total value of $4,824
were garnished and applied to Chester’s child support obligations. 
          In May 2004 Chester filed a motion seeking a determination that he was entitled to
credit for overpayment of support and a declaration he was not obligated to reimburse
Nancy for medical insurance. The motion alleged Nancy had not paid any medical
insurance premiums for the children since January 1999. Chester sought credit against
his current support obligations for medical insurance support payments he made since
January 1999 and the garnished income tax refunds. In November 2004 Nancy moved for
enforcement of the 1998 support order. She requested the past due support be reduced
to judgment, that Chester be held in contempt, fined and incarcerated until he complied
with the support order, and requested an increase in his support obligation. 
          Both motions were heard at an April 2005 hearing where the parties and their
attorneys were the only witnesses. Chester presented Nancy’s deposition testimony that,
with the exception of her last employer, she had obtained medical insurance for the
children after leaving Mitchell County but she did not recall the amounts of the medical
insurance premiums. Nancy admitted she could not remember the medical insurance
premiums paid through other employers but her recollection was that the amount increased
every year and she decided to pay the increases rather than seek additional
reimbursement from Chester. 
          The trial court signed an order holding Chester in contempt, increasing his support
obligation, and shifting to him the burden to obtain medical insurance for the youngest
child, and denied the relief requested in his motion. Chester now challenges the trial
court’s rejection of his position that he was not obligated to make medical insurance
payments after December 1998 and he was entitled to credit for the payments made. 
Chester’s first twelve issues each rest on the trial court’s determination he had a continuing
obligation to reimburse Nancy for one half the cost of medical insurance for the children,
in the amount set out in the May 1998 order. His final issue asserts entitlement to a new
trial because of an incomplete record on appeal. We initially address this issue. 
          Chester argues he is entitled to a new trial because exhibits introduced at the
hearing were not included in the reporter’s record and cannot be located. Citing Rogers 
v. Rogers, 561 S.W.2d 172 (Tex. 1978), Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697
(1936), and CarStar Collision v. Mercury Finance 23 S.W.3d 368 (Tex.App.–Houston [1st
Dist.] 1999, pet. denied), he contends this defect prevents him from challenging the
sufficiency of the evidence on appeal and constitutes reversible error. 
          Rule of Appellate Procedure 34.6(f) provides an appellant is entitled to a new trial
if four conditions are met: (1) the appellant must timely request a reporter’s record, (2) a
“significant exhibit or a significant portion of the court reporter’s notes and records have
been lost or destroyed,” (3) the lost or destroyed portion of the record is necessary to
resolution of the appeal, and (4) it cannot be replaced by agreement of the parties or, in
the case of an exhibit, with a copy determined by the trial court to accurately duplicate the
original. Appellant’s brief does not address any of these requirements for entitlement to
a new trial.
          The clerk’s record contains appellant’s request for preparation of the reporter’s
record. The reporter’s record supports the description of the missing exhibits in appellee’s
brief. The first two were notices from the IRS that appellant’s tax refunds had been
garnished. The fact and amounts of the garnishments were shown in the testimony.


 Four
additional tax documents were introduced. Two were K-1 statements for trusts of which
appellant was a beneficiary and two were appellant’s tax returns. The documents were
introduced to show appellant’s resources and are not relevant to appellee’s payment of
medical insurance premiums. The final exhibit was a COBRA medical insurance coverage
statement. The amount of that bill also was revealed in the testimony. Nothing in the
record supports a conclusion the documents are necessary to the appeal or appellant was
unable to obtain replacement copies or obtain an agreement to substitute copies for the
lost documents. The appellants in Rogers, Victory and CarStar were deprived of any
reporter’s record on appeal. Appellant has not met the requirements of Rule 34.6(f) and
we overrule his thirteenth issue. 
          All of appellant’s remaining issues arise from the trial court’s rejection of his view
that he was not obligated to pay half the cost of medical insurance for the children after
December 1998. He does not contend, as alleged in his original motion, that Nancy did
not pay for any medical insurance coverage for the children after December 1998. He now
argues her failure to notify him of changes in the children’s medical insurance premiums
as required by the 1998 order terminated his medical insurance obligation under that order. 
The trial court properly rejected appellant’s reading of the 1998 order.
          Under appellant’s reading of the order, Nancy’s obligation to notify him of changes
in the medical insurance premium was a condition precedent to his liability for half the cost
of medical insurance. That view is contrary to the plain language of the 1998 order. 
Appellant’s liability under that order was conditioned only on Nancy obtaining medical
insurance for the children and payment of premiums. The event terminating appellant’s
liability for half the cost of medical insurance was set out with equal clarity; the obligation
“shall continue for as long as any child receives medical insurance coverage through
[Nancy.]”


 
            Appellee’s failure to notify appellant of changes in medical insurance premiums did
not prevent him from establishing he had paid more than half the amount appellee paid for
the children’s medical insurance. As the movant on that issue he bore the burden to
establish that fact. See London v. London, 192 S.W.3d 6, 15 (Tex.App.–Houston [14th
Dist.] 2005, pet. denied) (motion to modify), In re T.J.L., 97 S.W.3d 257, 268 (Tex.App.–
Houston [14th Dist.] 2002, no pet.) (motion to enforce support order). He presented no
evidence establishing he had paid more than one half the medical insurance premiums
paid by appellee. To the degree of a conflict between appellee’s testimony the premiums
had increased, and evidence she had paid $55.83 each two weeks for some unspecified
period, it was within the province of the trial court to resolve that conflict. Harco Energy,
Inc. v. Re-Entry People, Inc., 23 S.W.3d 389, 395 (Tex.App.–Amarillo 2000, no pet.).
          The evidence is legally and factually sufficient to support the trial court’s
determination appellant was obligated to pay $126.13 per month as additional child support
from January 1, 1998 through April 1, 2002 and that he failed to do so. We overrule
appellant’s issues 1, 2, 3, 4, 5, 7, 8, 9, and 10. 
          The evidence is legally and factually sufficient to support the trial court’s finding of
an arrearage of $2,476.42 and grant of a judgment in that amount. The account activity
report from the Attorney General’s Office on which the trial court relied affirmatively showed
he was given credit for the tax refunds obtained through garnishment. We overrule
appellant’s issues 6, 11, and 12.
          Finding no merit in any of appellant’s issues, we affirm the order of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice