**Opinion issued June 18, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-12-00869-CV

_____

### RAMESH KAPUR, Appellant

### V.

### CASSANDRA PLEASANT, Appellee

---

### On Appeal from the County Court at Law No. 2
### Harris County, Texas
### Trial Court Case No. 1013763

---

### MEMORANDUM OPINION

A post-answer default judgment was entered against appellant, Ramesh

Kapur d/b/a AIC Management Company, who alleges he failed to appear for trial

because he did not receive notice of the trial setting. On appeal, Kapur urges this

court to reverse and remand for a new trial because the court reporter did not furnish a reporter's record. We reverse and remand.

## Background

In November 2011, Cassandra Pleasant sued Kapur d/b/a AIC in justice court in Harris County for breach of contract and unfair business practices. Kapur filed a pro se answer. After an unsuccessful mediation, the court entered a $3,500 judgment in favor of Pleasant. Kapur appealed to the County Civil Court at Law Number 2. In his filings in the justice court, Kapur listed his address as P.O. Box 635, Alief, Texas 77411. Kapur's notice of appeal, however, stated: "The Defendant is requesting to incorporate the change of address for all future [correspondence] 2650 Fountain View Dr. #124, Houston, Texas 77057." Kapur's appeal bond also reflected the Fountain View address.

The trial court set the case for trial on June 25, 2012, and directed Pleasant to notify all attorneys and pro se parties of the trial setting in accordance with Texas Rule of Civil Procedure 21a. The order for trial setting is contained in the clerk's record and lists Kapur's address as the P.O. Box in Alief. Kapur did not appear at trial and the trial court entered a default judgment against him for $4,000. No reporter's record was made of the post-answer default judgment proceeding. Kapur filed a motion for new trial arguing that he failed to appear at trial because

2

neither the county clerk nor Pleasant notified him of the trial setting in violation of Rule 21a. The trial court denied the motion. Kapur appealed.

## Lack of Reporter's Record

In his second and third issues, Kapur argues that the evidence is insufficient to support the $4,000 award and that he is entitled to a new trial because there was no record made of the post-answer default judgment proceedings. The record on appeal contains an information sheet from the official court reporter, filed with this court, stating that there was no reporter's record of these proceedings.

We treat this case as a post-answer default judgment case because, although Kapur did not file an answer in county court, he was properly served with citation and filed a written answer in the justice court. *See Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("[U]pon trial *de novo* in the county court on an action that originated in the justice court, the written pleadings of record in the justice court will generally constitute an appearance by the respective parties of record in the county court."). A post-answer default "constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). In such a case, judgment may not be entered on the pleadings; instead, the plaintiff must offer evidence and prove his case as in a judgment upon a trial. *Id.*; *see also Sharif v. Par Tech, Inc.*, 135

3

S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, a new trial may be required where the right to have the case reviewed on appeal can be preserved in no other way." *Carstar Collision, Inc. v. Mercury Fin. Co.*, 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

If a post-answer default judgment is rendered after the presentation of evidence to the trial court and in the absence of the defendant and his attorney, the failure to have a court reporter make a record constitutes reversible error. *Sharif*, 135 S.W.3d at 873; *Chase Bank v. Harris Cnty. Water Control & Improvement Dist.*, 36 S.W.3d 654, 655 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Carstar*, 23 S.W.3d at 370. Such error is not harmless because, without a reporter's record, the appellate court is unable to determine if sufficient evidence was submitted to support the judgment. *Sharif*, 135 S.W.3d at 873; *Carstar*, 23 S.W.3d at 370.

Because there was no reporter's record of the post-answer default judgment, we reverse and remand. *See Vaughan v. Medina*, No. 01-09-00885-CV, 2011 WL 1233556, at *3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.) (holding that, where record on appeal contained information sheet from court reporter that no reporter's record of proceeding was made, failure to have court reporter make record in post-answer default judgment was reversible error); *Best*

*Buy RV, Inc. v. Galloway*, No. 01-01-01110-CV, 2003 WL 302409, at *1 (Tex. App.—Houston [1st Dist.] Feb. 13, 2003, no pet.) (mem. op.) (reversing and remanding for new trial because there was no reporter's record of post-answer default judgment and court reporter's affidavit stated that there was no reporter's record); *Chase Bank*, 36 S.W.3d at 656 (reversing and remanding where there was no reporter's record of post-answer default judgment); *Carstar*, 23 S.W.3d at 369–70 (reversing for new trial because there was no reporter's record of post-answer default judgment hearing).

We sustain Kapur's second and third issues. In light of this conclusion, we need not consider the other issues presented by Kapur.

## Conclusion

We reverse the default judgment entered by the trial court and remand for further proceedings.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

5