**AFFIRMED; Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01020-CV

**RAFAEL SANCHEZ, Appellant**
**V.**
**IRENE GARCIA, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-07132-D**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Rafael Sanchez appeals the trial court's judgment in favor of Irene Garcia on her claims that Sanchez and J.C. Brown, Jr., individually or on behalf of Lone Star Engine Installation Center, Inc. engaged in a conspiracy to unlawfully operate a towing business that resulted in damage to her. In five issues, Sanchez argues generally the trial court erred in rendering a judgment against him because the court did not have personal jurisdiction over him in an individual capacity and the court erred in submitting Jury Issue Number 4. We affirm the trial court's judgment.

The record on appeal contains only a clerk's record. From the pleadings, it appears that Garcia filed suit in June 2011 alleging she was injured as a result of a vehicle collision in 2010. Defendant Lone Star was served through its registered agent, Rafael Sanchez. In December 2012, Sanchez was added as a defendant. The clerk's record does not show that Sanchez was

served in an individual capacity. Sanchez was named in the trial court's charge in Jury Issue Number 4 which stated: "Did J.C. Brown and Rafael Sanchez (individually or on behalf of Lone Star) engage in a conspiracy to unlawfully operate a towing business that resulted in damage to Irene Garcia?" The jury answered the question affirmatively. The trial court entered judgment against Sanchez, and this appeal followed.

In five issues, Sanchez argues the trial court erred in rendering judgment against him because the court did not have personal jurisdiction over him in an individual capacity, depriving him of his constitutional guarantee of due process, and the court erred in submitting Jury Issue Number 4 because it was not supported by the pleadings and refers to him in his individual capacity. He also argues that Jury Issue Number 4 was confusing and inadequate to support a judgment against him. However, Sanchez failed to file a reporter's record.

The burden is on the appellant to present a sufficient record to show error requiring reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX.R.APP. P. 34.1. Issues depending on the state of evidence cannot be reviewed without a complete record, including a reporter's record. *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.). To obtain a reporter's record, appellant must request that the court reporter prepare it and arrange for payment of the reporter's fee for doing so. TEX.R.APP. P. 35.3(b). The request must designate exhibits and portions of the proceedings to be included, and a copy of the request must be filed with the trial court. TEX.R.APP. P. 34.6(b).

When a reporter's record is included in the appellate record, the trial court's findings of fact on the disputed issues are not conclusive, and are subject to challenge for legal sufficiency. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex.2003). However, without a reporter's record, an appellate court is unable to determine if sufficient evidence was submitted

to support the trial court's judgment. *Carstar Collision, Inc. v. Mercury Fin. Co.*, 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). When an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex.App.—Dallas 2006, pet. denied). Furthermore, without a complete record brought forward by appellant, the court will conclude appellant has waived the points of error dependent on the state of the evidence. *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. struck).

Sanchez has not provided us with a reporter's record to make his appellate complaints within each of his issues viable. Thus, he has failed to meet his burden to present a sufficient record to show error requiring reversal. *See Willms*, 190 S.W.3d at 803; *Carstar*, 23 S.W.3d at 370. Where, as here, the issues on appeal necessarily involve consideration of portions of the proceedings omitted from the appellate record, we must presume those omitted portions support the trial court's ruling. *See Willms*, 190 S.W.3d at 803; TEX.R.APP. P. 34.6(b). By failing to provide an adequate appellate record, Sanchez has waived our review of his complaints. *See Favaloro*, 994 S.W.2d at 820.

Sanchez further argues that the clerk's record fails to disclose any notations on the docket that he made a general appearance and the absence of such notations is conclusive that he did not enter a general appearance in this case. In general, a docket sheet entry forms no part of the record that may be considered. *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 796 (Tex. App.—Dallas 2012, no pet.). One reason for not considering docket entries on appeal is because they are inherently unreliable. *Id.* Although docket entries may supply facts in certain situations, they cannot be used to contradict or prevail over a final judicial order. *N–S–W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977). As a limited exception, docket entries may be

examined to correct clerical errors in judgments or orders to determine the meaning of words used in a judgment or order. *Ashton Grove*, 366 S.W.3d at 796. However, such is not the case here. Even if the docket sheet had presented a notation that Sanchez did not enter a general appearance, without a reporter's record and absent a clerical error, it would not be reviewed as part of the record for the aforementioned reasons. *See id.* Accordingly, we need not further address Sanchez's complaints.

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

131020F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RAFAEL SANCHEZ, Appellant

No. 05-13-01020-CV        V.

IRENE GARCIA, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-07132-D.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee IRENE GARCIA recover her costs of this appeal from appellant RAFAEL SANCHEZ.


Judgment entered this 25th day of June, 2014.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–5–